# U.S. District Court
# Eastern District of Missouri (LIVE) (St. Louis)
# CIVIL DOCKET FOR CASE #: 4:12–cv–01316–CAS

Plastino et al v. Koster et al

Assigned to: District Judge Charles A. Shaw

Cause: 42:1983 Civil Rights Act

Date Filed: 07/23/2012

Jury Demand: None

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Edward F. Plastino**

represented by **David G. Sigale**
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Rd.
Ste. 304
Glen Ellyn, IL 60137
630–452–4547
Fax: 630–596–4445
Email: dsigale@sigalelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew T. Singer**
LAW OFFICE OF MATTHEW T.
SINGER
6963 Waterman
St. Louis, MO 63130
314–272–3388
Fax: 877–816–7884
Email: mtsinger@mtsinger.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Second Amendment Foundation, Inc.**

represented by **David G. Sigale**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Matthew T. Singer**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chris Koster**
*in his official Capacity as Attorney*
*General of the State of Missouri*

represented by **Andrew Hartnett**
ATTORNEY GENERAL OF MISSOURI
Assistant Attorney General
P.O. Box 899

Jefferson City, MO 65102–0899
573–751–3457
Fax: 573–751–2041
Email: andrew.hartnett@sos.mo.gov
*TERMINATED: 02/11/2013*
*LEAD ATTORNEY*

**Joanna L. Trachtenberg**
ATTORNEY GENERAL OF MISSOURI
Assistant Attorney General
P.O. Box 899
Jefferson City, MO 65102–0899
573–751–3321
Fax: 573–751–9456
Email: joanna.trachtenberg@ago.mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Phillips**
ATTORNEY GENERAL OF MISSOURI
1530 Rax Court
P.O. Box 899
Jefferson City, MO 65109
314–340–7950
Email: john.phillips@ago.mo.gov
*TERMINATED: 11/20/2012*

**Defendant**

| | | |
|---|---|---|
| **Tom Neer**<br>*in his Official Capacity as Sheriff of St. Charles County, Missouri* | represented by | **Robert E. Hoeynck , Jr.**<br>ST. CHARLES COUNTY COUNSELOR OFFICE<br>100 N. Third Street<br>Suite 216<br>St. Charles, MO 63301<br>636–949–7540<br>Fax: 636–949–7541<br>Email: rhoeynck@sccmo.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Toby J. Dible**
ST. CHARLES COUNTY COUNSELOR
OFFICE
100 N. Third Street
Suite 216
St. Charles, MO 63301
636–949–7540
Fax: 636–949–7541
Email: tdible@sccmo.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 07/23/2012 | 1 | | COMPLAINT against defendant All Defendants with receipt number 0865–3384345, in the amount of $350 Non–Jury Demand,, filed by Edward F Plastino, Second Amendment Foundation. (Attachments: # 1 Civil Cover Sheet)(Singer, Matthew) (Additional attachment(s) added on 7/24/2012: # 2 Original Filing Form, # 3 Summons Koster, # 4 Summons Neer) (SAJ). (Entered: 07/23/2012) |
| 07/24/2012 | 2 | | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Plaintiff Second Amendment Foundation, Inc.. Parent companies: None, Subsidiaries: None, Publicly held company: None,. (Singer, Matthew) (Entered: 07/24/2012) |
| 07/24/2012 | 3 | | NOTICE OF PROCESS SERVER by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc. Process Server: Frederick Investigations, Inc. (Singer, Matthew) (Entered: 07/24/2012) |
| 07/24/2012 | | | Case Opening Notification 2 @ 21 days Summons(es) issued, Judge Assigned: U.S. District Judge Charles A. Shaw. The summons was emailed to mtsinger@mtsinger.com. (SAJ) (Entered: 07/24/2012) |
| 08/08/2012 | | | Receipt 4644030085 in the amount of $100.00 for PRO HAC VICE on behalf of DAVID G. SIGALE (CCAM) (Entered: 08/09/2012) |
| 08/08/2012 | 4 | | MOTION for Leave to Appear Pro Hac Vice David G. Sigale (Filing fee $100) by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Attachments: # 1 Certificate of Good Standing)(NCL) (Entered: 08/09/2012) |
| 08/10/2012 | 5 | | Docket Text ORDER Re: Doc. 4 MOTION for Leave for Attorney David G. Sigale to Appear Pro Hac Vice by Plaintiffs; ORDERED GRANTED. Signed by District Judge Charles A. Shaw on August 10, 2012. (MBP) (Entered: 08/10/2012) |
| 08/21/2012 | 6 | | SUMMONS Returned Executed filed by Edward F. Plastino, Second Amendment Foundation, Inc.. Chris Koster served on 8/16/2012, answer due 9/6/2012. (Sigale, David) (Entered: 08/21/2012) |
| 08/21/2012 | 7 | | SUMMONS Returned Executed filed by Edward F. Plastino, Second Amendment Foundation, Inc.. Tom Neer served on 8/15/2012, answer due 9/5/2012. (Sigale, David) (Entered: 08/21/2012) |
| 09/05/2012 | 8 | | NOTICE Entry of Appearance: by Defendant Tom Neer (Hoeynck, Robert) (Entered: 09/05/2012) |
| 09/05/2012 | 9 | | *Answer and Affirmative Defenses* ANSWER to 1 Complaint, by Tom Neer.(Hoeynck, Robert) (Entered: 09/05/2012) |
| 09/05/2012 | 10 | | MOTION for Extension of Time to File Response/Reply as to 1 Complaint, by Defendant Chris Koster. (Phillips, John) (Entered: 09/05/2012) |
| 09/05/2012 | 11 | | ENTRY of Appearance by John R. Phillips for Defendant Chris Koster. (Phillips, John) (Entered: 09/05/2012) |
| 09/06/2012 | 12 | | Docket Text ORDER Re: Doc. 10 MOTION for Extension of Time to File |

| | | | |
|---|---|---|---|
| | | | Response to 1 Complaint by Defendant Chris Koster; ORDERED GRANTED. Defendant shall have to and including September 21, 2012 to answer or otherwise respond to the complaint. Signed by District Judge Charles A. Shaw on September 6, 2012. (MBP) (Entered: 09/06/2012) |
| 09/06/2012 | 13 | | ENTRY of Appearance by Toby J. Dible for Defendant Tom Neer. (Dible, Toby) (Entered: 09/06/2012) |
| 09/07/2012 | 14 | | ENTRY of Appearance by Andrew Hartnett for Defendant Chris Koster. (Hartnett, Andrew) (Entered: 09/07/2012) |
| 09/21/2012 | 15 | | MOTION to Dismiss :Complaint by Defendant Chris Koster. (Hartnett, Andrew) (Entered: 09/21/2012) |
| 09/21/2012 | 16 | | MEMORANDUM in Support of Motion re 15 MOTION to Dismiss :Complaint filed by Defendant Chris Koster. (Hartnett, Andrew) (Entered: 09/21/2012) |
| 10/10/2012 | 17 | | MOTION for Leave to file Amended Complaint by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit Exh. A – proposed Amended Complaint)(Sigale, David) (Entered: 10/10/2012) |
| 10/15/2012 | 18 | | Docket Text ORDER re: Doc. 17 , Motion for Leave to file Amended Complaint, filed by plaintiffs Edward F. Plastino and Second Amendment Foundation, Inc.; ORDERED GRANTED. The Clerk of the Court shall detach and docket the Amended Complaint, which was submitted as an attachment to the Motion for Leave. Defendants shall file their answers to the Amended Complaint within the time permitted by the Federal Rules. Signed by District Judge Charles A. Shaw on October 15, 2012. (LTR) (Entered: 10/15/2012) |
| 10/16/2012 | 19 | | AMENDED COMPLAINT against defendant Chris Koster, Tom Neer filed by Edward F. Plastino, Second Amendment Foundation, Inc.(KSM) (Entered: 10/16/2012) |
| 10/29/2012 | 20 | | *Answer and Affirmative Defenses* ANSWER to 19 Amended Complaint by Tom Neer.(Hoeynck, Robert) (Entered: 10/29/2012) |
| 10/30/2012 | 21 | | Consent MOTION for Extension of Time to File Answer by Defendant Chris Koster. (Hartnett, Andrew) (Entered: 10/30/2012) |
| 10/31/2012 | 22 | | Docket Text ORDER re: Doc. 21 Motion for Extension of Time to Answer, filed by defendant Chris Koster; ORDERED GRANTED. Defendant Koster shall answer or otherwise respond to plaintiff's amended complaint on or before November 9, 2012. Signed by District Judge Charles A. Shaw on October 31, 2012. (LTR) (Entered: 10/31/2012) |
| 11/09/2012 | 23 | | *Defendant Koster's* ANSWER to 19 Amended Complaint by Chris Koster.(Hartnett, Andrew) (Entered: 11/09/2012) |
| 11/14/2012 | 24 | | MOTION to Withdraw as Attorney ;attorney/firm John R. Phillips by Defendant Chris Koster. (Phillips, John) (Entered: 11/14/2012) |
| 11/19/2012 | 25 | | Docket Text ORDER re: Doc. 24 , MOTION to Withdraw as Attorney for John R. Phillips, filed by Defendant Chris Koster; ORDERED GRANTED. |

| | | | |
|---|---|---|---|
| | | | Signed by District Judge Charles A. Shaw on November 19, 2012. (SMH) (Entered: 11/19/2012) |
| 12/31/2012 | 26 | | MOTION for Preliminary Injunction by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Sigale, David) (Entered: 12/31/2012) |
| 12/31/2012 | 27 | | MEMORANDUM in Support of Motion re 26 MOTION for Preliminary Injunction filed by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit Declaration of Edward F. Plastino, # 2 Exhibit Declaration of Julianne H. Versnel)(Sigale, David) (Entered: 12/31/2012) |
| 01/07/2013 | 28 | | MEMORANDUM in Opposition re 26 MOTION for Preliminary Injunction filed by Defendant Tom Neer. (Hoeynck, Robert) (Entered: 01/07/2013) |
| 01/30/2013 | 29 | | ENTRY of Appearance by Joanna L. Trachtenberg for Defendant Chris Koster. (Trachtenberg, Joanna) (Entered: 01/30/2013) |
| 01/30/2013 | 30 | | MOTION to Withdraw by Defendant Chris Koster. (Hartnett, Andrew) (Entered: 01/30/2013) |
| 02/06/2013 | 31 | | MOTION for Extension of Time to File Response/Reply as to 26 MOTION for Preliminary Injunction by Defendant Chris Koster. (Attachments: # 1 Exhibit Suggestions in Opposition to Motion for a Preliminary Injunction, # 2 Exhibit Exhibit A to Defendant Koster's Suggestions in Opposition to Motion for a Preliminary Injunction)(Trachtenberg, Joanna) (Entered: 02/06/2013) |
| 02/07/2013 | 32 | | Docket Text ORDER Re: Doc. 31 MOTION for Extension of Time to File Response to 26 MOTION for Preliminary Injunction by Defendant Chris Koster; ORDERED GRANTED. The Clerk of Court shall detach and docket defendant Chris Koster's opposition to plaintiffs' motion for preliminary injunction and the attached exhibit, which were submitted as attachments to defendant's motion for extension of time. IT IS FURTHER ORDERED that plaintiffs' reply brief shall be due February 20, 2013. Signed by District Judge Charles A. Shaw on February 7, 2013. (MBP) (Entered: 02/07/2013) |
| 02/07/2013 | 33 | | MOTION for Extension of Time to File Response/Reply as to 28 Memorandum in Opposition to Motion *(UNOPPOSED)* by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Sigale, David) (Entered: 02/07/2013) |
| 02/08/2013 | 34 | | Docket Text ORDER Re: Doc. 33 MOTION for Extension of Time to File Reply as to 28 Memorandum in Opposition to Motion by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.; ORDERED GRANTED. Plaintiffs' reply to defendant Tom Neer's response to the motion for preliminary injunction shall also be due February 20, 2013. Signed by District Judge Charles A. Shaw on February 8, 2013. (MBP) (Entered: 02/08/2013) |
| 02/08/2013 | 35 | | MEMORANDUM in Opposition re 26 MOTION for Preliminary Injunction filed by Defendant Chris Koster. (Attachments: # 1 Exhibit A)(KSM) (Entered: 02/08/2013) |
| 02/11/2013 | 36 | | Docket Text ORDER re: Doc. 30 , Motion to Withdraw as Counsel for Defendant Chris Koster, filed by attorney Andrew Hartnett; ORDERED GRANTED. Signed by District Judge Charles A. Shaw on February 11, 2013. (LTR) (Entered: 02/11/2013) |

| 02/21/2013 | 37 | | MOTION for Leave to File Reply Brief Out of Time by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Attachments: # 1 Exhibit Proposed Reply Brief)(Sigale, David) (Entered: 02/21/2013) |
|---|---|---|---|
| 02/26/2013 | 38 | | Docket Text ORDER re: doc. 37 Motion for Leave to File Reply Brief Out of Time, filed by plaintiffs Edward F. Plastino and Second Amendment Foundation, Inc.; ORDERED GRANTED. The Clerk of the Court shall detach and docket the plaintiff's reply memorandum in support of preliminary injuction, which was submitted as an attachment to the Motion for Leave. Signed by District Judge Charles A. Shaw on February 26, 2013. (LTR) (Entered: 02/26/2013) |
| 02/26/2013 | 39 | | REPLY re 28 Memorandum in Opposition to Motion by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc. (KSM) (Entered: 02/27/2013) |
| 03/26/2013 | 40 | | ORDER **IT IS HEREBY ORDERED** that a hearing on plaintiffs' motion for preliminary injunction is set for Tuesday, April 23, 2013, at 1:30 p.m. at the Thomas F. Eagleton United States Courthouse. **IT IS FURTHER ORDERED** that on or before April 15, 2013, plaintiffs shall file with the Court a proposed preliminary injunction order. Motion Hearing set for 4/23/2013 01:30 PM before District Judge Charles A. Shaw. Response to Court due by 4/15/2013. Signed by District Judge Charles A. Shaw on 3/26/2013. (NCL) (Entered: 03/26/2013) |
| 04/15/2013 | 41 | | RESPONSE TO COURT ORDER re 40 Order,, *Proposed Order for Preliminary Injunction* by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. (Sigale, David) (Entered: 04/15/2013) |
| 04/23/2013 | 42 | | Minute Entry for proceedings held before District Judge Charles A. Shaw: Motion Hearing held on 4/23/2013 re 26 MOTION for Preliminary Injunction filed by Second Amendment Foundation, Inc., Edward F. Plastino. The parties present for preliminary injunction hearing. The parties make argument. The Court takes the matter under submission. (Court Reporter:Patti Dunn Wecke.) (FTR Gold: No.) (KSH) (Entered: 04/24/2013) |
| 04/24/2013 | 43 | 8 | MEMORANDUM AND ORDER: **IT IS HEREBY ORDERED** that Edward F. Plastino and the Second Amendment Foundation, Inc.s motion for preliminary injunction is DENIED. [Doc. 26]. Signed by District Judge Charles A. Shaw on 4/24/2013. (KSH) (Entered: 04/24/2013) |
| 04/24/2013 | 44 | | ORDER REQUIRING JOINT PROPOSED SCHEDULING PLAN (SEE ORDER FOR DETAILS ) This case is assigned to Track: Preliminary Track 2. Signed by District Judge Charles A. Shaw on 4/24/13. (JWJ) (Entered: 04/24/2013) |
| 04/29/2013 | 45 | 16 | NOTICE OF APPEAL (INTERLOCUTORY) as to 43 Memorandum &Order by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. Filing fee $ 455, receipt number 0865−3789444. Modified on 4/30/2013 (BAK). (Entered: 04/29/2013) |
| 04/30/2013 | 46 | 18 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 43 Memorandum &Order. Notice of Appeal filed on 4/29/13 by Plaintiffs Edward F. Plastino, Second Amendment Foundation, Inc.. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(BAK) |

| | | | (Entered: 04/30/2013) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD F. PLASTINO, et al.,      )
                                )
        Plaintiffs,       )
                                )
      v.                 )          No. 4:12-CV-1316 CAS
                                )
CHRIS KOSTER, et al.,        )
                                )
        Defendants.      )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs Edward F. Plastino and the Second Amendment Foundation, Inc.'s ("SAF") motion for preliminary injunction. Defendants Chris Koster, Attorney General of Missouri, and Tom Neer, Sheriff of St. Charles County, Missouri, oppose the motion. The motion is fully briefed, and on April 23, 2013, the Court heard oral argument on the issue. For the following reasons, the Court will deny plaintiffs' motion for a preliminary injunction.

### I.  Background

This case is a constitutional challenge to a Missouri state law that limits concealed firearm endorsements to citizens of the United States. Edward F. Plastino, a citizen of Canada who lawfully resides in St. Charles County and has lived in the United States since 1999, applied for a concealed carry endorsement with the St. Charles County Sheriff's Department. His application was denied on the specific basis that he is not a citizen of the United States, which is a requirement under Missouri law. In his complaint, Plastino challenges Mo. Rev. Stat. § 571.101 on its face[1] and as

---

[1]Generally speaking, "a plaintiff can only succeed in a facial challenge by 'establish[ing] that no set of circumstances exists under which the [statute] would be valid[.]' " See Washington State Grange v. Washington State Repub. Party, 552 U.S. 442, 449 (2008) (first alteration in original) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)). See also Wersal v. Sexton, 613 F.3d

applied under the Second Amendment and on Equal Protection grounds. The SAF, which maintains it has members in Missouri, also challenges the statute on these grounds.  For relief plaintiffs ask that the Court declare the Missouri statute unconstitutional, and that it enter a preliminary and permanent injunction prohibiting the enforcement of the statute against non-citizens.

Plaintiffs filed their complaint on July 23, 2012.  Defendants filed a Rule 12(b)(6) motion to dismiss, arguing among other things that neither plaintiff could assert an injury-in-fact sufficient to confer standing.  Shortly thereafter, plaintiffs filed an amended complaint, which defendants answered.  It was not until December 31, 2012, that plaintiffs filed their motion for preliminary injunction, which is presently before the Court.[2]  Defendants oppose the motion on the bases that the SAF does not have standing to sue,[3] there is no Second Amendment right to carry a concealed firearm, and the statute passes scrutiny under Equal Protection analysis.  Defendants also argue that plaintiffs would not incur irreparable harm, and that the public interest outweighs granting the preliminary injunction.

The Court held a preliminary injunction hearing on April 23, 2013, at which all the parties presented oral argument.  The parties declined to submit testimony or other evidence at the hearing. Plaintiffs did submit the written declarations of Mr. Plastino and Julianne Versnel, the Director of Operation for SAF, in support of their motion.

821, 831 (8th Cir. 2010) ("Indeed, a plaintiff can [generally] only succeed in a facial challenge by establish[ing] that no set of circumstances exists under which the [law] would be valid." (alterations in original) (internal quotations and citations omitted)).

[2]The motion was not fully briefed until February 26, 2013, after the Court granted both sides extensions of time.

[3]For purposes of deciding plaintiffs' motion for a preliminary injunction, the Court need not address whether the Second Amendment Foundation has standing in this case. No one disputes that plaintiff Plastino has standing to challenge the statute at issue, as it was applied against him.

## II.  Standard

In determining whether to issue a preliminary injunction against a duly enacted statute, courts must consider these factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and  (4) the public interest. Dataphase Sys., Inc. v. C.L. Sys., Inc., 640 F.2d 109, 113 (8th Cir.1981) (en banc).  See also TCF Nat'l Bank v. Bernanke, 643 F.3d 1158, 1162 (8th Cir. 2011); PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1142 (8th Cir. 2007). A preliminary injunction is an extraordinary remedy and the burden of establishing the propriety of an injunction is on the movant. See Watkins, Inc. v. Lewis, 346 F.3d 841, 844 (8th Cir. 2003). The primary purpose of an injunction is to maintain the status quo until a court may grant full effective relief on a final hearing.  Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co., 997 F.2d 484, 490 (8th Cir. 1993).

## III.  Discussion

Under Missouri law, with limited exceptions, gun owners must obtain a concealed carry endorsement in order to lawfully carry a concealed firearm. Section 571.101 outlines the requirements and procedures for obtaining a concealed carry endorsement in Missouri.  See Mo. Rev. Stat. § 571.101.  Among the numerous requirements and qualifications, the State of Missouri requires that an applicant must be a United States citizen in order to obtain a concealed carry endorsement.[4] Mo. Rev. Stat. § 571.101.2(1)   Plaintiffs challenge only this aspect of the statute.

---

[4]As it relates to this suit, Mo. Rev. Stat. § 571.101.2(1) provides in pertinent part:

2.  A certificate of qualification for a concealed carry endorsement issued pursuant to subsection 7 of this section shall be issued by the sheriff or his or her designee of the county or city in which the applicant resides, if the applicant:

      (1)      Is at least twenty-one years of age, is a citizen of the United States . . .

3

In their complaint, plaintiffs allege that the citizenship requirement contained in § 571.101.2(1), which restricts lawfully admitted aliens from carrying concealed firearms based on citizenship, violates their individual right to keep and bear arms as secured by the Second Amendment. They also allege the citizenship requirement of § 571.101.2(1) is a violation of the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

In the motion presently before the Court, plaintiffs argue that they meet all the requirements for the entry of a preliminary injunction, and move that the Court enjoin defendants from enforcing § 571.101.2(1) as to non-citizens, provided that non-citizen applicants are otherwise qualified to obtain a concealed carry endorsement.

The Court will first address whether there is a threat of irreparable harm to plaintiffs in the absence of a preliminary injunction.  "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–07 (1959). The party seeking preliminary injunctive relief bears the burden to show a threat of irreparable harm. Roudachevski v. All–Am. Care Ctrs., Inc., 648 F.3d 701, 706 (8th Cir. 2011).  "To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" Roudachevski, 648 F.3d at 706 (quoting Iowa Utils. Bd. v. Fed. Commc'ns Comm'n, 109 F.3d 418, 425 (8th Cir. 1996)).  As the Eighth Circuit has noted, "a failure to demonstrate irreparable harm, standing alone, may be a sufficient basis to deny preliminary injunctive relief." Caballo Coal Co. v. Indiana Mich. Power Co., 305 F.3d 796, 800 (8th Cir. 2002) (citing Dataphase, 640 F.2d at 114 n.9).  Where irreparable harm is not shown, injunctive relief is properly denied. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1984). See

4

also Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 732 n.5 (8th Cir. 2008) ("Indeed, in some cases, lack of irreparable injury is the factor that should begin and end the Dataphase analysis) (citing Adam–Mellang v. Apartment Search, Inc., 96 F.3d 297 (8th Cir. 1996)).

Plaintiffs argue that they will suffer irreparable harm in the absence of preliminary injunctive relief because the statute deprives them of their Second Amendment constitutional right to keep and bear arms.  Citing to First Amendment cases, plaintiffs assert that the denial of a constitutional right, even temporary, constitutes irreparable harm.  See, e.g., Lowry v. Watson Chapel Sch. Dist., 540 F.3d 752, 762 (8th Cir. 2008) (challenging restriction on freedom of expression); Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008) (challenging restriction on right to assemble and picket). Plaintiffs write, "Put simply, if § 571.101.2(1) [Mo. Rev. Stat.] is not struck down, legal aliens including the plaintiff will continue to be unconstitutionally frustrated in their ability to exercise their fundamental Second Amendment rights."  See Doc. 27 at 10.

First and foremost, this case does not implicate a First Amendment right, the loss of which the Eighth Circuit has held constitutes irreparable injury in of itself. See, e.g., Lowry, 540 F.3d at 762.  The Court declines to extend First Amendment law to the context of the Second Amendment. Cf. Kachalsky v. County of Westchester, 701 F.3d 81 (2d Cir. 2012) ("it would be . . . imprudent to assume that the principles and doctrines developed in connection with the First Amendment apply equally to the Second [Amendment]").  Therefore, cases holding that even temporary denial of First Amendment rights constitutes irreparable harm are not persuasive that irreparable has been shown here.[5]

---

[5]In their complaint plaintiffs also allege an Equal Protection violation under the Fourteenth Amendment. Plaintiffs did not cite to controlling legal authority that a temporary Equal Protection violation amounts to irreparable harm under the Dataphase analysis.

Second, the Court finds that this case does not involve a limitation on a Second Amendment right. The Supreme Court has stated that "the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." District of Columbia v. Heller, 554 U.S. 570, 626 (2008). The Supreme Court noted that "the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues." Id. Indeed, the nineteenth century Supreme Court agreed, noting in dicta that "the right of the people to keep and bear arms . . . is not infringed by laws prohibiting the carrying of concealed weapons." Robertson v. Baldwin, 165 U.S. 275, 281–82 (1897).

Modern federal courts that have been specifically called upon to address the constitutionality of concealed carry restrictions have found the restrictions did not violate the Second Amendment. See Peterson v. Martinez, 707 F.3d 1197 (10th Cir. 2013) (holding Second Amendment does not provide the right to carry a concealed firearm); Kachalsky, 701 F.3d 81 (holding New York legislation limiting concealed firearms in public does not violate the Second Amendment); Hightower v. City of Boston, 693 F.3d 61, 73 (1st Cir. 2012) (holding revocation of license to carry concealed firearm did not violate Second Amendment); United States v. Rene E., 583 F.3d 8, 12 (1st Cir. 2009) ("laws prohibiting the carrying of concealed weapons" are an "example[ ] of 'longstanding' restrictions that [are] 'presumptively lawful' under the Second Amendment") (quoting Heller, 554 U.S. at 626); Richards v. County of Yolo, 821 F.Supp. 2d 1169, 1174 (E.D. Cal. 2011) ("[T]he Second Amendment does not create a fundamental right to carry a concealed weapon in public"); Martinkovich v. Oregon Legislative Body, 2011 WL 7693036, at *2 (D. Or.

6

Aug. 24, 2011) ("The Second Amendment does not prohibit regulations on carrying a concealed weapon."); Dorr v. Weber, 741 F.Supp.2d 993, 1005 (N.D. Ia. 2010) ("a right to carry a concealed weapon under the Second Amendment has not been recognized to date"). In sum, plaintiffs have not met the irreparable harm requirement merely because they have alleged a constitutional violation under the Second Amendment.

Plaintiffs also argue that they will suffer irreparable harm absent an injunction, because not being allowed to carry a concealed firearm "causes a profound loss of a sense of one's security, to say nothing of the irreparable harm resulting from a successful criminal attack." See Doc. 27 at 10-11. The Court also finds this argument unavailing. First, Mr. Plastino admits that he and other non-citizens in Missouri are allowed to openly carry guns and have guns in their homes. Non-citizens are not prohibited from owning and carrying guns; they are prohibited only from carrying concealed guns. The Court fails to see the logic as to why Mr. Plastino, or any non-citizen, would feel more secure carrying his gun concealed, as opposed to carrying his gun in the open. In their reply memorandum, plaintiffs list a number of municipalities where open carry is not allowed and, therefore, plaintiffs' attorney argued at the hearing, there are areas in the state of Missouri where non-citizens would not be allowed to carry a gun at all. Mr. Plastino, however, did not state in his declaration that he frequents or even intends to visit these specific municipalities. There is no evidence in the record that members of the SAF are located in these municipalities, either.

Plaintiffs also presented no evidence, as opposed to mere argument, that carrying a concealed firearm prevents "criminal attacks," as they suggest. What is more, the argument that Mr. Plastino might be the victim of a criminal attack, and that he could thwart that criminal attack if only he could carry a concealed gun, as opposed to openly carrying a gun, is nothing short of pure speculation. Speculative harm does not support a preliminary injunction. See, e.g., Minnesota Ass'n

7

of Health Care Facilities, Inc. v. Minnesota Dep't of Pub. Welfare, 602 F.2d 150, 154 (8th Cir.1979)

("the speculative nature of the threatened harm support[s] the denial of injunctive relief").  Because

non-citizens are allowed to open carry in Missouri, the Court sees no irreparable harm in continuing

Missouri's citizenship restriction on concealed carry until such time as this case can be decided on

the merits.

### V. Conclusion

Under the facts of this case and based on the record before it, the Court does not find that

plaintiffs are at risk of "certain and great" harm that can be prevented by an injunction.  Iowa Utils.

Bd., 109 F.3d at 425.  The Court sees no harm in maintaining the status quo until the case can be

decided on the merits.  Finding plaintiffs have not established that they will suffer any irreparable

harm, the Court declines to enter a preliminary injunction.

Accordingly,

 **IT IS HEREBY ORDERED** that  Edward F. Plastino and the Second Amendment

Foundation, Inc.'s motion for preliminary injunction is **DENIED.**  [Doc. 26]


_____

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __24th__ day of April, 2013.

8

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| EDWARD F. PLASTINO and | ) | |
| SECOND AMENDMENT FOUNDATION, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:12-CV-1316 |
| | ) | |
| CHRIS KOSTER, in his Official Capacity as | ) | |
| Attorney General of the State of Missouri; and | ) | |
| TOM NEER, in his Official Capacity as | ) | |
| Sheriff of St. Charles County, Missouri, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiffs EDWARD F. PLASTINO and SECOND

AMENDMENT FOUNDATION, INC. hereby appeal to the United States Court of Appeals for

the Eighth Circuit from the Order of April 24, 2013 (Doc. #43) that denied Plaintiffs' motion for

a preliminary injunction.


Dated: April 29, 2013                    Respectfully submitted,

David G. Sigale, Esq. (#6238103 (IL))    Matthew T. Singer, Esq. (MO ED Fed No.5262301)
LAW FIRM OF DAVID G. SIGALE, P.C.        THE LAW OFFICE OF MATTHEW T. SINGER
739 Roosevelt Road, Suite 304            6963 Waterman Avenue
Glen Ellyn, IL 60137                     St. Louis, MO 63130
630.452.4547                             (314) 272-3388
dsigale@sigalelaw.com                    MTSinger@MTSinger.com
Admitted *pro hac vice*

                                         By: _____/s/ David G. Sigale_____
                                                     David G. Sigale

                                         One of the Attorneys for Plaintiffs

## <u>CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING</u>

The undersigned certifies that:

      1.     On April 29, 2013, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

      2.     Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.

                     /s/ David G. Sigale
                     One of the Attorneys for Plaintiffs

US Court of Appeals - Eighth Circuit
NOA Supplement

Caption:                                                    USCA#: _____

Plastino, et al. v. Koster, et al.

Case Number:

4;12cv1316 CAS

Plaintiff:                              Defendant:

**Edward R. Plastino et al**            **Chris Koster et al**

Attorney:                               Attorney:

David G. Sigale
LAW FIRM OF DAVID G. SIGALE, P.C.
739 Roosevelt Rd.
Ste. 304
Glen Ellyn, IL 60137
630-452-4547
Fax: 630-596-4445
Email: dsigale@sigalelaw.com


Matthew T. Singer
LAW OFFICE OF MATTHEW T. SINGER
6963 Waterman
St. Louis, MO 63130
314-272-3388
Fax: 877-816-7884
Email: mtsinger@mtsinger.com

                                        SEE DOCKET SHEET

Court Reporter:                         Please return files and documents to:

                                        Clerk, Eastern District of Missouri

                                        Person to contact about the appeal::

Patti Dunn Wecke                        Beth Kirkland   244-7925

| Length of trial: | Fee: | IFP: | Pending IFP Motion: |
|---|---|---|---|
| INTERLOCUTORY | PAID | N/A | N/A |

| Counsel: | Pending Motions: | Local Interest: | Simultaneous Release: |
|---|---|---|---|
| DAVID SIGALE | [15] MOTION TO DISMISS | N/A | N/A |

Criminal Cases/Prisoner Pro Se Cases Only:

Is defendant incarcerated?   Yes   No   Where: _____

Please list all other defendants in this case if there were multiple defendants: