FIRST REGULAR SESSION

[TRULY AGREED TO AND FINALLY PASSED]

HOUSE COMMITTEE SUBSTITUTE FOR

# SENATE BILL NO. 75

## 97TH GENERAL ASSEMBLY

2013

0366H.02T

## AN ACT

To repeal sections 50.535, 57.010, 57.100, 57.104, 221.070, 302.181, 571.030, 571.037, 571.101, 571.102, 571.104, 571.107, 571.111, 571.114, 571.117, 571.121, and 650.350, RSMo, and to enact in lieu thereof twenty-one new sections relating to public safety, with penalty provisions, and an emergency clause for certain sections.

*Be it enacted by the General Assembly of the State of Missouri, as follows:*

Section A. Sections 50.535, 57.010, 57.100, 57.104, 221.070, 302.181, 571.030, 571.037, 571.101, 571.102, 571.104, 571.107, 571.111, 571.114, 571.117, 571.121, and 650.350, RSMo, are repealed and twenty-one new sections enacted in lieu thereof, to be known as sections 50.535, 57.010, 57.100, 57.104, 170.315, 171.410, 221.070, 221.102, 302.181, 571.011, 571.030, 571.037, 571.101, 571.104, 571.107, 571.111, 571.114, 571.117, 571.121, 571.500, and 650.350, to read as follows:

50.535. 1. Notwithstanding the provisions of sections 50.525 to 50.745, the fee collected pursuant to subsections **[**10 and 11**] 11 and 12** of section 571.101 shall be deposited by the county treasurer into a separate interest-bearing fund to be known as the "County Sheriff's Revolving Fund" to be expended at the direction of the county or city sheriff or his or her designee as provided in this section.

2. No prior approval of the expenditures from this fund shall be required by the governing body of the county or city not within a county, nor shall any prior audit or encumbrance of the fund be required before any expenditure is made by the sheriff from this fund. This fund shall only be used by law

**EXPLANATION–Matter enclosed in bold-faced brackets [thus] in this bill is not enacted and is intended to be omitted in the law.**

11  enforcement agencies for the purchase of equipment, to provide training, and to
12  make necessary expenditures to process applications for concealed carry
13  [endorsements] **permits** or renewals, including but not limited to the purchase
14  of equipment, information and data exchange, training, fingerprinting and
15  background checks, employment of additional personnel, and any expenditure
16  necessitated by an action under section 571.114 or 571.117. If the moneys
17  collected and deposited into this fund are not totally expended annually, then the
18  unexpended balance shall remain in said fund and the balance shall be kept in
19  said fund to accumulate from year to year. This fund may be audited by the state
20  auditor's office or the appropriate auditing agency.

21      3. Notwithstanding any provision of this section to the contrary, the
22  sheriff of every county, regardless of classification, is authorized to pay, from the
23  sheriff's revolving fund, all reasonable and necessary costs and expenses for
24  activities or services occasioned by compliance with sections 571.101 to
25  571.121. Such was the intent of the general assembly in original enactment of
26  this section and sections 571.101 to 571.121, and it is made express by this
27  section in light of the decision in Brooks v. State of Missouri, (Mo. Sup. Ct.
28  February 26, 2004). The application and renewal fees to be charged pursuant to
29  section 571.101 shall be based on the sheriff's good faith estimate, made during
30  regular budgeting cycles, of the actual costs and expenses to be incurred by
31  reason of compliance with sections 571.101 to 571.121. If the maximum fee
32  permitted by section 571.101 is inadequate to cover the actual reasonable and
33  necessary expenses in a given year, and there are not sufficient accumulated
34  unexpended funds in the revolving fund, a sheriff may present specific and
35  verified evidence of the unreimbursed expenses to the office of administration,
36  which upon certification by the attorney general shall reimburse such sheriff for
37  those expenses from an appropriation made for that purpose.

38      4. If pursuant to subsection [12] **13** of section 571.101, the sheriff of a
39  county of the first classification designates one or more chiefs of police of any
40  town, city, or municipality within such county to accept and process applications
41  for [certificates of qualification to obtain a concealed carry endorsement]
42  **concealed carry permits**, then that sheriff shall reimburse such chiefs of
43  police, out of the moneys deposited into this fund, for any reasonable expenses
44  related to accepting and processing such applications.

        57.010.  1. At the general election to be held in 1948, and at each general
2   election held every four years thereafter, the voters in every county in this state

3  shall elect some suitable person sheriff.  No person shall be eligible for the office
4  of sheriff who has been convicted of a felony.  Such person shall be a resident
5  taxpayer and elector of said county, shall have resided in said county for more
6  than one whole year next before filing for said office and shall be a person capable
7  of efficient law enforcement.  When any person shall be elected sheriff, such
8  person shall enter upon the discharge of the duties of such person's office as chief
9  law enforcement officer of that county on the first day of January next succeeding
10  said election.

11      2.  **[**Beginning January 1, 2003, any**] No person shall be eligible for**
12  **the office of** sheriff who does not hold a valid peace officer license pursuant to
13  chapter 590 **[**shall refrain from personally executing any of the police powers of
14  the office of sheriff, including but not limited to participation in the activities of
15  arrest, detention, vehicular pursuit, search and interrogation.  Nothing in this
16  section shall prevent any sheriff from administering the execution of police
17  powers through duly commissioned deputy sheriffs**]**.  **Any person filing for the**
18  **office of sheriff shall have a valid peace officer license at the time of**
19  **filing for office.**  This subsection shall not apply**[**:

20      (1) During the first twelve months of the first term of office of any sheriff
21  who is eligible to become licensed as a peace officer and who intends to become
22  so licensed within twelve months after taking office, except this subdivision shall
23  not be effective beginning January 1, 2010; or

24      (2)**]** to the sheriff of any county of the first classification with a charter
25  form of government with a population over nine hundred thousand **or of any**
26  **city not within a county**.

57.100.  **1.**  Every sheriff shall quell and suppress assaults and batteries,
2  riots, routs, affrays and insurrections; shall apprehend and commit to jail all
3  felons and traitors, and execute all process directed to him by legal authority,
4  including writs of replevin, attachments and final process issued by circuit and
5  associate circuit judges.

6      **2.  Beginning January 1, 2014, every sheriff shall maintain, house,**
7  **and issue concealed carry permits as specified under chapter 571.**

57.104.  1.  The sheriff of any county of the first classification not having
2  a charter form of government**, county of the second classification, county**
3  **of the third classification, and county of the fourth classifiaction** may
4  employ an attorney at law to aid and advise him in the discharge of his duties
5  and to represent him in court.  The sheriff shall set the compensation for an

6   attorney hired pursuant to this section within the allocation made by the county
7   commission to the sheriff's department for compensation of employees to be paid
8   out of the general revenue fund of the county.

9       2.  The attorney employed by a sheriff pursuant to subsection 1 of this
10  section shall be employed at the pleasure of the sheriff.

**170.315.  1.  There is hereby established the Active Shooter and**
**Intruder Response Training for Schools Program (ASIRT).  Each school**
**district and charter school may, by July 1, 2014, include in its teacher**
**and school employee training a component on how to properly respond**
**to students who provide them with information about a threatening**
**situation and how to address situations in which there is a potentially**
**dangerous or armed intruder in the school.  Training may also include**
**information and techniques on how to address situations where an**
**active shooter is present in the school or on school property.**

**2.  Each school district and charter school may conduct the**
**training on an annual basis.  If no formal training has previously**
**occurred, the length of the training may be eight hours.  The length of**
**annual continuing training may be four hours.**

**3.  All school personnel shall participate in a simulated active**
**shooter and intruder response drill conducted and led by law**
**enforcement professionals.  Each drill may include an explanation of its**
**purpose and a safety briefing.  The training shall require each**
**participant to know and understand how to respond in the event of an**
**actual emergency on school property or at a school event.  The drill**
**may include:**

**(1)  Allowing school personnel to respond to the simulated**
**emergency in whatever way they have been trained or informed; and**

**(2)  Allowing school personnel to attempt and implement new**
**methods of responding to the simulated emergency based upon**
**previously used unsuccessful methods of response.**

**4.  All instructors for the program shall be certified by the**
**department of public safety's peace officers standards training**
**commission.**

**5.  School districts and charter schools may consult and**
**collaborate with law enforcement authorities, emergency response**
**agencies, and other organizations and entities trained to deal with**

32  active shooters or potentially dangerous or armed intruders.

33      **6.  Public schools shall foster an environment in which students**
34  **feel comfortable sharing information they have regarding a potentially**
35  **threatening or dangerous situation with a responsible adult.**

**171.410.  1.  Each school district and charter school may annually**
2  **teach the Eddie Eagle Gunsafe Program to first grade students.  School**
3  **districts and charter schools may also teach any substantially similar**
4  **program of the same qualifications or any successor program in lieu of**
5  **the Eddie Eagle Gunsafe Program.**

6      **2.  The purpose of the educational program shall be to promote**
7  **the safety and protection of children.  The educational program shall**
8  **emphasize how students should respond if they encounter a**
9  **firearm.  School personnel and program instructors shall not make**
10  **value judgments about firearms.**

11      **3.  No school district or charter school shall include or use a**
12  **firearm or demonstrate the use of a firearm when teaching the**
13  **program.**

14      **4.  Students with disabilities shall participate to the extent**
15  **appropriate as determined by the provisions of the Individuals with**
16  **Disabilities Education Act or Section 504 of the Rehabilitation Act.**

17      **5.  School districts and charter schools may seek grant funding**
18  **for the program from public, private, and non-profit entities.**

221.070.  **1.**  Every person who shall be committed to the common jail
2  within any county in this state, by lawful authority, for any offense or
3  misdemeanor, upon a plea of guilty or a finding of guilt for such offense, shall
4  bear the expense of carrying him or her to said jail, and also his or her support
5  while in jail, before he or she shall be discharged; and the property of such person
6  shall be subjected to the payment of such expenses, and shall be bound therefor,
7  from the time of his commitment, and may be levied on and sold, from time to
8  time, under the order of the court having criminal jurisdiction in the county, to
9  satisfy such expenses.

10      **2.  If a person has not paid all money owed to the county jail**
11  **upon release from custody and has failed to enter into or honor an**
12  **agreement with the sheriff to make payments toward such debt**
13  **according to a repayment plan, the sheriff may certify the amount of**
14  **the outstanding to the clerk of the court in which the case was**

15  determined.  The circuit clerk shall report to the office of state courts
16  administrator the debtor's full name, date of birth, and address and the
17  amount the debtor owes to the county jail.  If the person subsequently
18  satisfies the debt to the county jail or begins making regular payments
19  in accordance with an agreement entered into with the sheriff, the
20  sheriff shall notify the circuit clerk who then shall notify the state
21  courts administrator that the person shall no longer be considered
22  delinquent.

221.102.  1.  The sheriff of any county may establish and operate
2  a canteen or commissary in the county jail for the use and benefit of
3  the inmates, prisoners, and detainees.

4      2.  Each county jail shall keep revenues received from its canteen
5  or commissary in a separate account.  The acquisition cost of goods sold
6  and other expenses shall be paid from this account. A minimum
7  amount of money necessary to meet cash flow needs and current
8  operating expenses may be kept in this account.  The remaining funds
9  from sales of each canteen or commissary shall be deposited into the
10  "Inmate Prisoner Detainee Security Fund" and shall be expended for
11  the purposes provided in subsection 3 of section 488.5026. The
12  provisions of section 33.080 to the contrary notwithstanding, the money
13  in the inmate prisoner detainee security fund shall be retained for the
14  purposes specified in section 488.5026 and shall not revert or be
15  transferred to general revenue.

302.181.  1.  The license issued pursuant to the provisions of sections
2  302.010 to 302.340 shall be in such form as the director shall prescribe, but the
3  license shall be a card made of plastic or other comparable material.  All licenses
4  shall be manufactured of materials and processes that will prohibit, as nearly as
5  possible, the ability to reproduce, alter, counterfeit, forge, or duplicate any license
6  without ready detection.  All licenses shall bear the licensee's Social Security
7  number, if the licensee has one, and if not, a notarized affidavit must be signed
8  by the licensee stating that the licensee does not possess a Social Security
9  number, or, if applicable, a certified statement must be submitted as provided in
10  subsection 4 of this section.  The license shall also bear the expiration date of the
11  license, the classification of the license, the name, date of birth, residence address
12  including the county of residence or a code number corresponding to such county
13  established by the department, and brief description and colored photograph or

14  digitized image of the licensee, and a facsimile of the signature of the
15  licensee. The director shall provide by administrative rule the procedure and
16  format for a licensee to indicate on the back of the license together with the
17  designation for an anatomical gift as provided in section 194.240 the name and
18  address of the person designated pursuant to sections 404.800 to 404.865 as the
19  licensee's attorney in fact for the purposes of a durable power of attorney for
20  health care decisions. No license shall be valid until it has been so signed by the
21  licensee. If any portion of the license is prepared by a private firm, any contract
22  with such firm shall be made in accordance with the competitive purchasing
23  procedures as established by the state director of the division of purchasing. For
24  all licenses issued or renewed after March 1, 1992, the applicant's Social Security
25  number shall serve as the applicant's license number. Where the licensee has no
26  Social Security number, or where the licensee is issued a license without a Social
27  Security number in accordance with subsection 4 of this section, the director shall
28  issue a license number for the licensee and such number shall also include an
29  indicator showing that the number is not a Social Security number.

30      2. All film involved in the production of photographs for licenses shall
31  become the property of the department of revenue.

32      3. The license issued shall be carried at all times by the holder thereof
33  while driving a motor vehicle, and shall be displayed upon demand of any officer
34  of the highway patrol, or any police officer or peace officer, or any other duly
35  authorized person, for inspection when demand is made therefor.
36  Failure of any operator of a motor vehicle to exhibit his or her license to any duly
37  authorized officer shall be presumptive evidence that such person is not a duly
38  licensed operator.

39      4. The director of revenue shall issue a commercial or noncommercial
40  driver's license without a Social Security number to an applicant therefor, who
41  is otherwise qualified to be licensed, upon presentation to the director of a
42  certified statement that the applicant objects to the display of the Social Security
43  number on the license. The director shall assign an identification number, that
44  is not based on a Social Security number, to the applicant which shall be
45  displayed on the license in lieu of the Social Security number.

46      5. The director of revenue shall not issue a license without a facial
47  photograph or digital image of the license applicant, except as provided pursuant
48  to subsection 8 of this section. A photograph or digital image of the applicant's
49  full facial features shall be taken in a manner prescribed by the director. No

50   photograph or digital image will be taken wearing anything which cloaks the
51   facial features of the individual.

52        6. The department of revenue may issue a temporary license or a full
53   license without the photograph or with the last photograph or digital image in the
54   department's records to members of the Armed Forces, except that where such
55   temporary license is issued it shall be valid only until the applicant shall have
56   had time to appear and have his or her picture taken and a license with his or
57   her photograph issued.

58        7. The department of revenue shall issue upon request a nondriver's
59   license card containing essentially the same information and photograph or
60   digital image, except as provided pursuant to subsection 8 of this section, as the
61   driver's license upon payment of six dollars.  All nondriver's licenses shall expire
62   on the applicant's birthday in the sixth year after issuance.  A person who has
63   passed his or her seventieth birthday shall upon application be issued a
64   nonexpiring nondriver's license card.  Notwithstanding any other provision of this
65   chapter, a nondriver's license containing a concealed carry endorsement shall
66   expire three years from the date the certificate of qualification was issued
67   pursuant to section 571.101**, as section 571.101 existed prior to August 28,**
68   **2013**.  The fee for nondriver's licenses issued for a period exceeding three years
69   is six dollars or three dollars for nondriver's licenses issued for a period of three
70   years or less.  The nondriver's license card shall be used for identification
71   purposes only and shall not be valid as a license.

72        8. If otherwise eligible, an applicant may receive a driver's license or
73   nondriver's license without a photograph or digital image of the applicant's full
74   facial features except that such applicant's photograph or digital image shall be
75   taken and maintained by the director and not printed on such license.
76   In order to qualify for a license without a photograph or digital image pursuant
77   to this section the applicant must:

78        (1)  Present a form provided by the department of revenue requesting the
79   applicant's photograph be omitted from the license or nondriver's license due to
80   religious affiliations. The form shall be signed by the applicant and another
81   member of the religious tenant verifying the photograph or digital image
82   exemption on the license or nondriver's license is required as part of their
83   religious affiliation. The required signatures on the prescribed form shall be
84   properly notarized;

85        (2)  Provide satisfactory proof to the director that the applicant has been

86  a **[U.S.]** **United States** citizen for at least five years and a resident of this state
87  for at least one year, except that an applicant moving to this state possessing a
88  valid driver's license from another state without a photograph shall be exempt
89  from the one-year state residency requirement.  The director may establish rules
90  necessary to determine satisfactory proof of citizenship and residency pursuant
91  to this section;

92      (3)  Applications for a driver's license or nondriver's license without a
93  photograph or digital image must be made in person at a license office
94  determined by the director.  The director is authorized to limit the number of
95  offices that may issue a driver's or nondriver's license without a photograph or
96  digital image pursuant to this section.

97      9.  The department of revenue shall make available, at one or more
98  locations within the state, an opportunity for individuals to have their full facial
99  photograph taken by an employee of the department of revenue, or their designee,
100 who is of the same sex as the individual being photographed, in a segregated
101 location.

102     10.  Beginning July 1, 2005, the director shall not issue a driver's license
103 or a nondriver's license for a period that exceeds an applicant's lawful presence
104 in the United States.  The director may, by rule or regulation, establish
105 procedures to verify the lawful presence of the applicant and establish the
106 duration of any driver's license or nondriver's license issued under this section.

107     11.  No rule or portion of a rule promulgated pursuant to the authority of
108 this chapter shall become effective unless it is promulgated pursuant to the
109 provisions of chapter 536.

**571.011.  1.  Any records of ownership of a firearm or applications**
**for ownership, licensing, certification, permitting, or an endorsement**
**that allows a person to own, acquire, possess, or carry a firearm shall**
**not be open records under chapter 610 and shall not be open for**
**inspection or their contents disclosed except by order of the court to**
**persons having a legitimate interest therein.**

**2.  Any person or entity who violates the provisions of this**
**section is guilty of a class A misdemeanor.**

571.030.  1.  A person commits the crime of unlawful use of weapons if he
or she knowingly:

(1)  Carries concealed upon or about his or her person a knife, a firearm,
a blackjack or any other weapon readily capable of lethal use; or

5      (2)  Sets a spring gun; or

6      (3)  Discharges or shoots a firearm into a dwelling house, a railroad train,

7    boat, aircraft, or motor vehicle as defined in section 302.010, or any building or

8    structure used for the assembling of people; or

9      (4)  Exhibits, in the presence of one or more persons, any weapon readily

10   capable of lethal use in an angry or threatening manner; or

11     (5)  Has a firearm or projectile weapon readily capable of lethal use on his

12   or her person, while he or she is intoxicated, and handles or otherwise uses such

13   firearm or projectile weapon in either a negligent or unlawful manner or

14   discharges such firearm or projectile weapon unless acting in self-defense; **or**

15     (6)  Discharges a firearm within one hundred yards of any occupied

16   schoolhouse, courthouse, or church building; or

17     (7)  Discharges or shoots a firearm at a mark, at any object, or at random,

18   on, along or across a public highway or discharges or shoots a firearm into any

19   outbuilding; or

20     (8)  Carries a firearm or any other weapon readily capable of lethal use

21   into any church or place where people have assembled for worship, or into any

22   election precinct on any election day, or into any building owned or occupied by

23   any agency of the federal government, state government, or political subdivision

24   thereof; or

25     (9)  Discharges or shoots a firearm at or from a motor vehicle, as defined

26   in section 301.010, discharges or shoots a firearm at any person, or at any other

27   motor vehicle, or at any building or habitable structure, unless the person was

28   lawfully acting in self-defense; or

29     (10)  Carries a firearm, whether loaded or unloaded, or any other weapon

30   readily capable of lethal use into any school, onto any school bus, or onto the

31   premises of any function or activity sponsored or sanctioned by school officials or

32   the district school board.

33     2.  Subdivisions (1), (8), and (10) of subsection 1 of this section shall not

34   apply to the persons described in this subsection, regardless of whether such uses

35   are reasonably associated with or are necessary to the fulfillment of such person's

36   official duties except as otherwise provided in this subsection.  Subdivisions (3),

37   (4), (6), (7), and (9) of subsection 1 of this section shall not apply to or affect any

38   of the following persons, when such uses are reasonably associated with or are

39   necessary to the fulfillment of such person's official duties, except as otherwise

40   provided in this subsection:

41     (1)  All state, county and municipal peace officers who have completed the
42 training required by the police officer standards and training commission
43 pursuant to sections 590.030 to 590.050 and who possess the duty and power of
44 arrest for violation of the general criminal laws of the state or for violation of
45 ordinances of counties or municipalities of the state, whether such officers are on
46 or off duty, and whether such officers are within or outside of the law
47 enforcement agency's jurisdiction, or all qualified retired peace officers, as defined
48 in subsection 11 of this section, and who carry the identification defined in
49 subsection 12 of this section, or any person summoned by such officers to assist
50 in making arrests or preserving the peace while actually engaged in assisting
51 such officer;

52     (2)  Wardens, superintendents and keepers of prisons, penitentiaries, jails
53 and other institutions for the detention of persons accused or convicted of crime;

54     (3)  Members of the Armed Forces or National Guard while performing
55 their official duty;

56     (4)  Those persons vested by article V, section 1 of the Constitution of
57 Missouri with the judicial power of the state and those persons vested by Article
58 III of the Constitution of the United States with the judicial power of the United
59 States, the members of the federal judiciary;

60     (5)  Any person whose bona fide duty is to execute process, civil or
61 criminal;

62     (6)  Any federal probation officer or federal flight deck officer as defined
63 under the federal flight deck officer program, 49 U.S.C. Section 44921 regardless
64 of whether such officers are on duty, or within the law enforcement agency's
65 jurisdiction;

66     (7)  Any state probation or parole officer, including supervisors and
67 members of the board of probation and parole;

68     (8)  Any corporate security advisor meeting the definition and fulfilling the
69 requirements of the regulations established by the board of police commissioners
70 under section 84.340;

71     (9)  Any coroner, deputy coroner, medical examiner, or assistant medical
72 examiner;

73     (10)  Any prosecuting attorney or assistant prosecuting attorney or any
74 circuit attorney or assistant circuit attorney who has completed the firearms
75 safety training course required under subsection 2 of section 571.111; and

76     (11)  Any member of a fire department or fire protection district who is

77  employed on a full-time basis as a fire investigator and who has a valid concealed
78  carry endorsement **issued prior to August 28, 2013, or a valid concealed**
79  **carry permit** under section 571.111 when such uses are reasonably associated
80  with or are necessary to the fulfillment of such person's official duties.

81      3. Subdivisions (1), (5), (8), and (10) of subsection 1 of this section do not
82  apply when the actor is transporting such weapons in a nonfunctioning state or
83  in an unloaded state when ammunition is not readily accessible or when such
84  weapons are not readily accessible. Subdivision (1) of subsection 1 of this section
85  does not apply to any person twenty-one years of age or older or eighteen years
86  of age or older and a member of the United States Armed Forces, or honorably
87  discharged from the United States Armed Forces, transporting a concealable
88  firearm in the passenger compartment of a motor vehicle, so long as such
89  concealable firearm is otherwise lawfully possessed, nor when the actor is also in
90  possession of an exposed firearm or projectile weapon for the lawful pursuit of
91  game, or is in his or her dwelling unit or upon premises over which the actor has
92  possession, authority or control, or is traveling in a continuous journey peaceably
93  through this state. Subdivision (10) of subsection 1 of this section does not apply
94  if the firearm is otherwise lawfully possessed by a person while traversing school
95  premises for the purposes of transporting a student to or from school, or
96  possessed by an adult for the purposes of facilitation of a school-sanctioned
97  firearm-related event or club event.

98      4. Subdivisions (1), (8), and (10) of subsection 1 of this section shall not
99  apply to any person who has a valid concealed carry **[**endorsement**] permit**
100 issued pursuant to sections 571.101 to 571.121**, a valid concealed carry**
101 **endorsement issued before August 28, 2013,** or a valid permit or
102 endorsement to carry concealed firearms issued by another state or political
103 subdivision of another state.

104     5. Subdivisions (3), (4), (5), (6), (7), (8), (9), and (10) of subsection 1 of this
105 section shall not apply to persons who are engaged in a lawful act of defense
106 pursuant to section 563.031.

107     6. Nothing in this section shall make it unlawful for a student to actually
108 participate in school-sanctioned gun safety courses, student military or ROTC
109 courses, or other school-sponsored or club-sponsored firearm-related events,
110 provided the student does not carry a firearm or other weapon readily capable of
111 lethal use into any school, onto any school bus, or onto the premises of any other
112 function or activity sponsored or sanctioned by school officials or the district

113    school board.

114         7.   Unlawful use of weapons is a class D felony unless committed pursuant
115    to subdivision (6), (7), or (8) of subsection 1 of this section, in which cases it is a
116    class B misdemeanor, or subdivision (5) or (10) of subsection 1 of this section, in
117    which case it is a class A misdemeanor if the firearm is unloaded and a class D
118    felony if the firearm is loaded, or subdivision (9) of subsection 1 of this section,
119    in which case it is a class B felony, except that if the violation of subdivision (9)
120    of subsection 1 of this section results in injury or death to another person, it is
121    a class A felony.

122         8.   Violations of subdivision (9) of subsection 1 of this section shall be
123    punished as follows:

124         (1)   For the first violation a person shall be sentenced to the maximum
125    authorized term of imprisonment for a class B felony;

126         (2)   For any violation by a prior offender as defined in section 558.016, a
127    person shall be sentenced to the maximum authorized term of imprisonment for
128    a class B felony without the possibility of parole, probation or conditional release
129    for a term of ten years;

130         (3)   For any violation by a persistent offender as defined in section
131    558.016, a person shall be sentenced to the maximum authorized term of
132    imprisonment for a class B felony without the possibility of parole, probation, or
133    conditional release;

134         (4)   For any violation which results in injury or death to another person,
135    a person shall be sentenced to an authorized disposition for a class A felony.

136         9.   Any person knowingly aiding or abetting any other person in the
137    violation of subdivision (9) of subsection 1 of this section shall be subject to the
138    same penalty as that prescribed by this section for violations by other persons.

139         10.   Notwithstanding any other provision of law, no person who pleads
140    guilty to or is found guilty of a felony violation of subsection 1 of this section shall
141    receive a suspended imposition of sentence if such person has previously received
142    a suspended imposition of sentence for any other firearms- or weapons-related
143    felony offense.

144         11.   As used in this section "qualified retired peace officer" means an
145    individual who:

146         (1)   Retired in good standing from service with a public agency as a peace
147    officer, other than for reasons of mental instability;

148         (2)   Before such retirement, was authorized by law to engage in or

149  supervise the prevention, detection, investigation, or prosecution of, or the
150  incarceration of any person for, any violation of law, and had statutory powers of
151  arrest;

152       (3)  Before such retirement, was regularly employed as a peace officer for
153  an aggregate of fifteen years or more, or retired from service with such agency,
154  after completing any applicable probationary period of such service, due to a
155  service-connected disability, as determined by such agency;

156       (4)  Has a nonforfeitable right to benefits under the retirement plan of the
157  agency if such a plan is available;

158       (5)  During the most recent twelve-month period, has met, at the expense
159  of the individual, the standards for training and qualification for active peace
160  officers to carry firearms;

161       (6)  Is not under the influence of alcohol or another intoxicating or
162  hallucinatory drug or substance; and

163       (7)  Is not prohibited by federal law from receiving a firearm.

164       12.  The identification required by subdivision (1) of subsection 2 of this
165  section is:

166       (1)  A photographic identification issued by the agency from which the
167  individual retired from service as a peace officer that indicates that the individual
168  has, not less recently than one year before the date the individual is carrying the
169  concealed firearm, been tested or otherwise found by the agency to meet the
170  standards established by the agency for training and qualification for active peace
171  officers to carry a firearm of the same type as the concealed firearm; or

172       (2)  A photographic identification issued by the agency from which the
173  individual retired from service as a peace officer; and

174       (3)  A certification issued by the state in which the individual resides that
175  indicates that the individual has, not less recently than one year before the date
176  the individual is carrying the concealed firearm, been tested or otherwise found
177  by the state to meet the standards established by the state for training and
178  qualification for active peace officers to carry a firearm of the same type as the
179  concealed firearm.

571.037.  Any person who has a valid concealed carry endorsement **issued**
2  **prior to August 28, 2013, or a valid concealed carry permit**, and who is
3  lawfully carrying a firearm in a concealed manner, may briefly and openly display
4  the firearm to the ordinary sight of another person, unless the firearm is
5  intentionally displayed in an angry or threatening manner, not in necessary self

6   defense.

571.101.  1.  All applicants for concealed carry **[**endorsements**] permits**
2   issued pursuant to subsection 7 of this section must satisfy the requirements of
3   sections 571.101 to 571.121.  If the said applicant can show qualification as
4   provided by sections 571.101 to 571.121, the county or city sheriff shall issue a
5   **[**certificate of qualification for a concealed carry endorsement.  Upon receipt of
6   such certificate, the certificate holder shall apply for a driver's license or
7   nondriver's license with the director of revenue in order to obtain a concealed
8   carry endorsement.  Any person who has been issued a concealed carry
9   endorsement on a driver's license or nondriver's license and such endorsement or
10  license has not been suspended, revoked, cancelled, or denied may carry concealed
11  firearms on or about his or her person or within a vehicle**] concealed carry**
12  **permit authorizing the carrying of a concealed firearm on or about the**
13  **applicant's person or within a vehicle**.  A concealed carry **[**endorsement**]**
14  **permit** shall be valid for a period of **[**three**] five** years from the date of issuance
15  or renewal.  The concealed carry **[**endorsement**] permit** is valid throughout this
16  state.  **A concealed carry endorsement issued prior to August 28, 2013,**
17  **shall continue for a period of three years from the date of issuance or**
18  **renewal to authorize the carrying of a concealed firearm on or about**
19  **the applicant's person or within a vehicle in the same manner as a**
20  **concealed carry permit issued under subsection 7 of this section on or**
21  **after August 28, 2013.**

22      2.  A **[**certificate of qualification for a concealed carry endorsement**]**
23  **concealed carry permit** issued pursuant to subsection 7 of this section shall
24  be issued by the sheriff or his or her designee of the county or city in which the
25  applicant resides, if the applicant:

26      (1)  Is at least twenty-one years of age, is a citizen **or permanent**
27  **resident** of the United States and either:

28      (a)  Has assumed residency in this state; or

29      (b)  Is a member of the Armed Forces stationed in Missouri, or the spouse
30  of such member of the military;

31      (2)  Is at least twenty-one years of age, or is at least eighteen years of age
32  and a member of the United States Armed Forces or honorably discharged from
33  the United States Armed Forces, and is a citizen of the United States and either:

34      (a)  Has assumed residency in this state;

35      (b)  Is a member of the Armed Forces stationed in Missouri; or

36      (c)  The spouse of such member of the military stationed in Missouri and
37 twenty-one years of age;

38      (3)  Has not pled guilty to or entered a plea of nolo contendere or been
39 convicted of a crime punishable by imprisonment for a term exceeding one year
40 under the laws of any state or of the United States other than a crime classified
41 as a misdemeanor under the laws of any state and punishable by a term of
42 imprisonment of **[**one year**] two years** or less that does not involve an explosive
43 weapon, firearm, firearm silencer or gas gun;

44      (4)  Has not been convicted of, pled guilty to or entered a plea of nolo
45 contendere to one or more misdemeanor offenses involving crimes of violence
46 within a five-year period immediately preceding application for a **[**certificate of
47 qualification for a concealed carry endorsement**] concealed carry permit** or if
48 the applicant has not been convicted of two or more misdemeanor offenses
49 involving driving while under the influence of intoxicating liquor or drugs or the
50 possession or abuse of a controlled substance within a five-year period
51 immediately preceding application for a **[**certificate of qualification for a concealed
52 carry endorsement**] concealed carry permit**;

53      (5)  Is not a fugitive from justice or currently charged in an information
54 or indictment with the commission of a crime punishable by imprisonment for a
55 term exceeding one year under the laws of any state of the United States other
56 than a crime classified as a misdemeanor under the laws of any state and
57 punishable by a term of imprisonment of two years or less that does not involve
58 an explosive weapon, firearm, firearm silencer, or gas gun;

59      (6)  Has not been discharged under dishonorable conditions from the
60 United States Armed Forces;

61      (7)  Has not engaged in a pattern of behavior, documented in public **or**
62 **closed** records, that causes the sheriff to have a reasonable belief that the
63 applicant presents a danger to himself or others;

64      (8)  Is not adjudged mentally incompetent at the time of application or for
65 five years prior to application, or has not been committed to a mental health
66 facility, as defined in section 632.005, or a similar institution located in another
67 state following a hearing at which the defendant was represented by counsel or
68 a representative;

69      (9)  Submits a completed application for a **[**certificate of qualification**]**
70 **permit** as described in subsection 3 of this section;

71      (10)  Submits an affidavit attesting that the applicant complies with the

72  concealed carry safety training requirement pursuant to subsections 1 and 2 of
73  section 571.111;

74      (11)  Is not the respondent of a valid full order of protection which is still
75  in effect**;**

76      **(12)  Is not otherwise prohibited from possessing a firearm under**
77  **section 571.070 or 18 U.S.C. 922(g)**.

78      3.  The application for a **[**certificate of qualification for a concealed carry
79  endorsement**] concealed carry permit** issued by the sheriff of the county of the
80  applicant's residence shall contain only the following information:

81      (1)  The applicant's name, address, telephone number, gender, **[**and**]** date
82  and place of birth**, and, if the applicant is not a United States citizen, the**
83  **applicant's country of citizenship and any alien or admission number**
84  **issued by the Federal Bureau of Customs and Immigration Enforcement**
85  **or any successor agency**;

86      (2)  An affirmation that the applicant has assumed residency in Missouri
87  or is a member of the Armed Forces stationed in Missouri or the spouse of such
88  a member of the Armed Forces and is a citizen **or permanent resident** of the
89  United States;

90      (3)  An affirmation that the applicant is at least twenty-one years of age
91  or is eighteen years of age or older and a member of the United States Armed
92  Forces or honorably discharged from the United States Armed Forces;

93      (4)  An affirmation that the applicant has not pled guilty to or been
94  convicted of a crime punishable by imprisonment for a term exceeding one year
95  under the laws of any state or of the United States other than a crime classified
96  as a misdemeanor under the laws of any state and punishable by a term of
97  imprisonment of **[**one year**] two years** or less that does not involve an explosive
98  weapon, firearm, firearm silencer, or gas gun;

99      (5)  An affirmation that the applicant has not been convicted of, pled guilty
100 to, or entered a plea of nolo contendere to one or more misdemeanor offenses
101 involving crimes of violence within a five-year period immediately preceding
102 application for a **[**certificate of qualification to obtain a concealed carry
103 endorsement**] permit** or if the applicant has not been convicted of two or more
104 misdemeanor offenses involving driving while under the influence of intoxicating
105 liquor or drugs or the possession or abuse of a controlled substance within a
106 five-year period immediately preceding application for a **[**certificate of
107 qualification to obtain a concealed carry endorsement**] permit**;

108    (6)  An affirmation that the applicant is not a fugitive from justice or
109    currently charged in an information or indictment with the commission of a crime
110    punishable by imprisonment for a term exceeding one year under the laws of any
111    state or of the United States other than a crime classified as a misdemeanor
112    under the laws of any state and punishable by a term of imprisonment of two
113    years or less that does not involve an explosive weapon, firearm, firearm silencer
114    or gas gun;

115    (7)  An affirmation that the applicant has not been discharged under
116    dishonorable conditions from the United States Armed Forces;

117    (8)  An affirmation that the applicant is not adjudged mentally
118    incompetent at the time of application or for five years prior to application, or has
119    not been committed to a mental health facility, as defined in section 632.005, or
120    a similar institution located in another state, except that a person whose release
121    or discharge from a facility in this state pursuant to chapter 632, or a similar
122    discharge from a facility in another state, occurred more than five years ago
123    without subsequent recommitment may apply;

124    (9)  An affirmation that the applicant has received firearms safety training
125    that meets the standards of applicant firearms safety training defined in
126    subsection 1 or 2 of section 571.111;

127    (10)  An affirmation that the applicant, to the applicant's best knowledge
128    and belief, is not the respondent of a valid full order of protection which is still
129    in effect; **[**and**]**

130    (11)  A conspicuous warning that false statements made by the applicant
131    will result in prosecution for perjury pursuant to the laws of the state of
132    Missouri**; and**

133    **(12)  A government-issued photo identification.  This photograph**
134    **shall not be included on the permit and shall only be used to verify the**
135    **person's identity for permit renewal, or for the issuance of a new**
136    **permit due to change of address, or for a lost or destroyed permit**.

137    4.  An application for a **[**certificate of qualification for a concealed carry
138    endorsement**] concealed carry permit** shall be made to the sheriff of the
139    county or any city not within a county in which the applicant resides. An
140    application shall be filed in writing, signed under oath and under the penalties
141    of perjury, and shall state whether the applicant complies with each of the
142    requirements specified in subsection 2 of this section. In addition to the
143    completed application, the applicant for a **[**certificate of qualification for a

144   concealed carry endorsement**] concealed carry permit** must also submit the
145   following:

146      (1)  A photocopy of a firearms safety training certificate of completion or
147   other evidence of completion of a firearms safety training course that meets the
148   standards established in subsection 1 or 2 of section 571.111; and

149      (2)  A nonrefundable **[**certificate of qualification**] permit** fee as provided
150   by subsection **[**10**] 11** or **[**11**] 12** of this section.

151      5.  **(1)**  Before an application for a **[**certificate of qualification for a
152   concealed carry endorsement**] concealed carry permit** is approved, the sheriff
153   shall make only such inquiries as he or she deems necessary into the accuracy of
154   the statements made in the application.  The sheriff may require that the
155   applicant display a Missouri driver's license or nondriver's license or military
156   identification and orders showing the person being stationed in Missouri.  In
157   order to determine the applicant's suitability for a **[**certificate of qualification for
158   a concealed carry endorsement**] concealed carry permit**, the applicant shall
159   be fingerprinted.  **No other biometric data shall be collected from the**
160   **applicant.**  The sheriff shall request a criminal background check**, including**
161   **an inquiry of the National Instant Criminal Background Check System,**
162   through the appropriate law enforcement agency within three working days after
163   submission of the properly completed application for a **[**certificate of qualification
164   for a concealed carry endorsement**] concealed carry permit**. If no
165   disqualifying record is identified by **[**the fingerprint check**] these checks** at the
166   state level, the fingerprints shall be forwarded to the Federal Bureau of
167   Investigation for a national criminal history record check.  Upon receipt of the
168   completed background **[**check**] checks**, the sheriff shall **examine the results**
169   **and, if no disqualifying information is identified, shall** issue a **[**certificate
170   of qualification for a concealed carry endorsement**] concealed carry permit**
171   within three working days.  **[**The sheriff shall issue the certificate within
172   forty-five calendar days if the criminal background check has not been received,
173   provided that the sheriff shall revoke any such certificate and endorsement
174   within twenty-four hours of receipt of any background check that results in a
175   disqualifying record, and shall notify the department of revenue.**]**

176      **(2)  In the event the background checks prescribed by subdivision**
177   **(1) of this section are not completed within forty-five calendar days and**
178   **no disqualifying information concerning the applicant has otherwise**
179   **come to the sheriff's attention, the sheriff shall issue a provisional**

**permit, clearly designated on the certificate as such, which the**
**applicant shall sign in the presence of the sheriff or the sheriff's**
**designee. This permit, when carried with a valid Missouri driver's or**
**nondriver's license or a valid military identification, shall permit the**
**applicant to exercise the same rights in accordance with the same**
**conditions as pertain to a concealed carry permit issued under this**
**section, provided that it shall not serve as an alternative to an National**
**Instant Criminal background check required by 18 U.S.C. 922(t). The**
**provisional permit shall remain valid until such time as the sheriff**
**either issues or denies the certificate of qualification under subsection**
**6 or 7. The sheriff shall revoke a provisional permit issued under this**
**subsection within twenty-four hours of receipt of any background**
**check that identifies a disqualifying record, and shall notify the**
**Missouri uniform law enforcement system. The revocation of a**
**provisional permit issued under this section shall be proscribed in a**
**manner consistent to the denial and review of an application under**
**subsection 6 of this section.**

6. The sheriff may refuse to approve an application for a **[**certificate of
qualification for a concealed carry endorsement**] concealed carry permit** if he
or she determines that any of the requirements specified in subsection 2 of this
section have not been met, or if he or she has a substantial and demonstrable
reason to believe that the applicant has rendered a false statement regarding any
of the provisions of sections 571.101 to 571.121. If the applicant is found to be
ineligible, the sheriff is required to deny the application, and notify the applicant
in writing, stating the grounds for denial and informing the applicant of the right
to submit, within thirty days, any additional documentation relating to the
grounds of the denial. Upon receiving any additional documentation, the sheriff
shall reconsider his or her decision and inform the applicant within thirty days
of the result of the reconsideration. The applicant shall further be informed in
writing of the right to appeal the denial pursuant to subsections 2, 3, 4, and 5 of
section 571.114. After two additional reviews and denials by the sheriff, the
person submitting the application shall appeal the denial pursuant to subsections
2, 3, 4, and 5 of section 571.114.

7. If the application is approved, the sheriff shall issue a **[**certificate of
qualification for a concealed carry endorsement**] concealed carry permit** to the
applicant within a period not to exceed three working days after his or her

216   approval of the application. The applicant shall sign the **[**certificate of
217   qualification**] concealed carry permit** in the presence of the sheriff or his or
218   her designee and shall within seven days of receipt of the certificate of
219   qualification take the certificate of qualification to the department of
220   revenue.  Upon verification of the certificate of qualification and completion of a
221   driver's license or nondriver's license application pursuant to chapter 302, the
222   director of revenue shall issue a new driver's license or nondriver's license with
223   an endorsement which identifies that the applicant has received a certificate of
224   qualification to carry concealed weapons issued pursuant to sections 571.101 to
225   571.121 if the applicant is otherwise qualified to receive such driver's license or
226   nondriver's license.  Notwithstanding any other provision of chapter 302, a
227   nondriver's license with a concealed carry endorsement shall expire three years
228   from the date the certificate of qualification was issued pursuant to this section.
229   **[**The requirements for the director of revenue to issue a concealed carry
230   endorsement pursuant to this subsection shall not be effective until July 1, 2004,
231   and the certificate of qualification issued by a county sheriff pursuant to
232   subsection 1 of this section shall allow the person issued such certificate to carry
233   a concealed weapon pursuant to the requirements of subsection 1 of section
234   571.107 in lieu of the concealed carry endorsement issued by the director of
235   revenue from October 11, 2003, until the concealed carry endorsement is issued
236   by the director of revenue on or after July 1, 2004, unless such certificate of
237   qualification has been suspended or revoked for cause.**]**

238       8.  **The concealed carry permit shall specify only the following**
239   **information:**

240       **(1)  Name, address, date of birth, gender, height, weight, color of**
241   **hair, color of eyes, and signature of the permit holder;**

242       **(2)  The signature of the sheriff issuing the permit;**

243       **(3)  The date of issuance; and**

244       **(4)  The expiration date.**

245   **The permit shall be no larger than two inches wide by three and one-**
246   **fourth inches long and shall be of a uniform style prescribed by the**
247   **department of public safety. The permit shall also be assigned a**
248   **Missouri uniform law enforcement system county code and shall be**
249   **stored in sequential number.**

250       **9.  (1)**  The sheriff shall keep a record of all applications for a **[**certificate
251   of qualification for a concealed carry endorsement**] concealed carry permit or**

252 **a provisional permit** and his or her action thereon. **Any record of an**
253 **application that is incomplete or denied for any reason shall be kept**
254 **for a period not to exceed one year.  Any record of an application that**
255 **was approved shall be kept for a period of one year after the expiration**
256 **and non-renewal of the permit. Beginning August 28, 2013, the**
257 **department of revenue shall not keep any record of an application for**
258 **a concealed carry permit.  Any information collected by the department**
259 **of revenue related to an application for a concealed carry endorsement**
260 **prior to August 28, 2013, shall be given to the members of MoSMART,**
261 **created under section 650.350, for the dissemination of the information**
262 **to the sheriff of any county or city not within a county in which the**
263 **applicant resides to keep in accordance with the provisions of this**
264 **subsection.**

265     **(2)**  The sheriff shall report the issuance of a **[**certificate of qualification**]**
266 **concealed carry permit or provisional permit** to the Missouri uniform law
267 enforcement system.  All information on any such **[**certificate**] permit** that is
268 protected information on any driver's or nondriver's license shall have the same
269 personal protection for purposes of sections 571.101 to 571.121.  An applicant's
270 status as a holder of a **[**certificate of qualification**] concealed carry permit,**
271 **provisional permit,** or a concealed carry endorsement **issued prior to August**
272 **28, 2013,** shall not be public information and shall be considered personal
273 protected information.  **Information retained under this subsection shall**
274 **not be batch processed for query and shall only be made available for**
275 **a single entry query of an individual in the event the individual is a**
276 **subject of interest in an active criminal investigation or is arrested for**
277 **a crime.**
278 Any person who violates the provisions of this subsection by disclosing protected
279 information shall be guilty of a class A misdemeanor.

280     **[**9.**]  10.**  Information regarding any holder of a **[**certificate of qualification**]**
281 **concealed carry permit,** or a concealed carry endorsement **issued prior to**
282 **August 28, 2013,** is a closed record.  **No bulk download or batch data shall**
283 **be preformed or distributed to any federal, state, or private entity,**
284 **except to MoSMART as provided under subsection 9 of this**
285 **section.  Any state agency that has retained any documents or records,**
286 **including fingerprint records provided by an applicant for a concealed**
287 **carry endorsement prior to August 28, 2013, shall destroy such**

288  **documents or records, upon successful issuance of a permit.**

289  **[10.] 11.** For processing an application for a **[**certificate of qualification
290  for a concealed carry endorsement**] concealed carry permit** pursuant to
291  sections 571.101 to 571.121, the sheriff in each county shall charge a
292  nonrefundable fee not to exceed one hundred dollars which shall be paid to the
293  treasury of the county to the credit of the sheriff's revolving fund.

294  **[11.] 12.** For processing a renewal for a **[**certificate of qualification for a
295  concealed carry endorsement**] concealed carry permit** pursuant to sections
296  571.101 to 571.121, the sheriff in each county shall charge a nonrefundable fee
297  not to exceed fifty dollars which shall be paid to the treasury of the county to the
298  credit of the sheriff's revolving fund.

299  **[12.] 13.** For the purposes of sections 571.101 to 571.121, the term
300  "sheriff" shall include the sheriff of any county or city not within a county or his
301  or her designee and in counties of the first classification the sheriff may designate
302  the chief of police of any city, town, or municipality within such county.

303  **14. For the purposes of this chapter, "concealed carry permit"**
304  **shall include any concealed carry endorsement issued by the**
305  **department of revenue before January 1, 2014 and any concealed carry**
306  **document issued by any sheriff or under the authority of any sheriff**
307  **after December 31, 2013.**

571.104. 1. (1) A concealed carry **[**endorsement**] permit** issued pursuant
2  to sections 571.101 to 571.121**, and, if applicable, a concealed carry**
3  **endorsement issued prior to August 28, 2013,** shall be suspended or revoked
4  if the concealed carry **permit or** endorsement holder becomes ineligible for such
5  **[**concealed carry**] permit or** endorsement under the criteria established in
6  subdivisions (2), (3), (4), (5), **[**and**]** (7), **and (11)** of subsection 2 of section 571.101
7  or upon the issuance of a valid full order of protection.

8  (2) When a valid full order of protection, or any arrest warrant, discharge,
9  or commitment for the reasons listed in subdivision (2), (3), (4), (5), **[**or**]** (7), **or**
10  **(11)** of subsection 2 of section 571.101, is issued against a person holding a
11  concealed carry **[**endorsement**] permit** issued pursuant to sections 571.101 to
12  571.121**, or a concealed carry endorsement issued prior to August 28,**
13  **2013,** upon notification of said order, warrant, discharge or commitment or upon
14  an order of a court of competent jurisdiction in a criminal proceeding, a
15  commitment proceeding or a full order of protection proceeding ruling that a
16  person holding a concealed carry **permit or** endorsement presents a risk of harm

17    to themselves or others, then upon notification of such order, the holder of the
18    concealed carry **permit or** endorsement shall surrender the **permit, and, if**
19    **applicable, the** driver's license or nondriver's license containing the concealed
20    carry endorsement to the court, **[**to the**]** officer, or other official serving the order,
21    warrant, discharge, or commitment.

22          (3)  **In cases involving a concealed carry endorsement issued prior**
23    **to August 28, 2013,** the official to whom the driver's license or nondriver's
24    license containing the concealed carry endorsement is surrendered shall issue a
25    receipt to the licensee for the license upon a form, approved by the director of
26    revenue, that serves as a driver's license or a nondriver's license and clearly
27    states the concealed carry endorsement has been suspended.  The official shall
28    then transmit the driver's license or a nondriver's license containing the
29    concealed carry endorsement to the circuit court of the county issuing the order,
30    warrant, discharge, or commitment.  The concealed carry **[**endorsement**] permit**
31    issued pursuant to sections 571.101 to 571.121**, and, if applicable, the**
32    **concealed carry endorsement issued prior to August 28, 2013,** shall be
33    suspended until the order is terminated or until the arrest results in a dismissal
34    of all charges. Upon dismissal, the court holding the **permit and, if**
35    **applicable, the** driver's license or nondriver's license containing the concealed
36    carry endorsement shall return **[**it**] such permit or license** to the individual.

37          (4)  Any conviction, discharge, or commitment specified in sections 571.101
38    to 571.121 shall result in a revocation.  Upon conviction, the court shall forward
39    a notice of conviction or action and the **permit to the issuing county sheriff.**
40    **If a concealed carry endorsement issued prior to August 28, 2013, is**
41    **revoked, the court shall forward the notice and the** driver's license or
42    nondriver's license with the concealed carry endorsement to the department of
43    revenue.  The department of revenue shall notify the sheriff of the county which
44    issued the certificate of qualification for a concealed carry endorsement
45    **[**and**]. The sheriff who issued the concealed carry permit, or the**
46    **certificate of qualification prior to August 28, 2013,** shall report the change
47    in status of the concealed carry **permit or** endorsement to the Missouri uniform
48    law enforcement system.  The director of revenue shall immediately remove the
49    endorsement issued **[**pursuant to sections 571.101 to 571.121**] prior to August**
50    **28, 2013,** from the individual's driving record within three days of the receipt of
51    the notice from the court.  The director of revenue shall notify the licensee that
52    he or she must apply for a new license pursuant to chapter 302 which does not

53    contain such endorsement.  This requirement does not affect the driving
54    privileges of the licensee.  The notice issued by the department of revenue shall
55    be mailed to the last known address shown on the individual's driving
56    record.  The notice is deemed received three days after mailing.

57          2. A concealed carry **[**endorsement**] permit** shall be renewed for a
58    qualified applicant upon receipt of the properly completed renewal application
59    and the required renewal fee by the sheriff of the county of the applicant's
60    residence.  The renewal application shall contain the same required information
61    as set forth in subsection 3 of section 571.101, except that in lieu of the
62    fingerprint requirement of subsection 5 of section 571.101 and the firearms safety
63    training, the applicant need only display his or her current **[**driver's license or
64    nondriver's license containing a**]** concealed carry **[**endorsement**] permit**.  **[**Upon
65    successful completion of**] A name-based background check, including an**
66    **inquiry of the National Instant Criminal Background Check System,**
67    **shall be completed for each renewal application. The sheriff shall**
68    **review the results of the background check, and when the sheriff has**
69    **determined the applicant has successfully completed** all renewal
70    requirements **and is not disqualified under any provision of section**
71    **571.101**, the sheriff shall issue a **[**certificate of qualification**] new concealed**
72    **carry permit** which contains the date such **[**certificate**] permit** was
73    renewed. **The process for renewing a concealed carry endorsement**
74    **issued prior to August 28, 2013, shall be the same as the process for**
75    **renewing a permit, except that in lieu of the fingerprint requirement**
76    **of subsection 5 of section 571.101 and the firearms safety training, the**
77    **applicant need only display his or her current driver's license or**
78    **nondriver's license containing an endorsement. Upon successful**
79    **completion of all renewal requirements, the sheriff shall issue a new**
80    **concealed carry permit as provided under this subsection.**

81          3.  A person who has been issued a **[**certificate**] concealed carry permit,**
82    **or a certificate** of qualification for a concealed carry endorsement **prior to**
83    **August 28, 2013,** who fails to file a renewal application **for a concealed carry**
84    **permit** on or before its expiration date must pay an additional late fee of ten
85    dollars per month for each month it is expired for up to six months.  After six
86    months, the sheriff who issued the expired **concealed carry permit or**
87    certificate **of qualification** shall notify the **Missouri uniform law**
88    **enforcement system and the individual that such permit is expired and**

89 **cancelled. If the person has a concealed carry endorsement issued**
90 **prior to August 28, 2013, the sheriff who issued the certificate of**
91 **qualification for the endorsement shall notify the** director of revenue that
92 such certificate is expired **regardless of whether the endorsement holder**
93 **has applied for a concealed carry permit under subsection 2 of this**
94 **section**. The director of revenue shall immediately **[**cancel the concealed carry
95 endorsement and**]** remove such endorsement from the individual's driving record
96 and notify the individual **[**of such cancellation**]** **that his or her driver's license**
97 **or nondriver's license has expired**. The notice **[**of cancellation of the
98 endorsement**]** shall be conducted in the same manner as described in subsection
99 1 of this section. Any person who has been issued a **[**certificate of qualification
100 for a concealed carry endorsement**]** **concealed carry permit** pursuant to
101 sections 571.101 to 571.121**, or a concealed carry endorsement issued prior**
102 **to August 28, 2013,** who fails to renew his or her application within the
103 six-month period must reapply for a new **[**certificate of qualification for a
104 concealed carry endorsement**]** **concealed carry permit** and pay the fee for a
105 new application. **[**The director of revenue shall not issue an endorsement on a
106 renewed driver's license or renewed nondriver's license unless the applicant for
107 such license provides evidence that he or she has renewed the certification of
108 qualification for a concealed carry endorsement in the manner provided for such
109 renewal pursuant to sections 571.101 to 571.121. If an applicant for renewal of
110 a driver's license or nondriver's license containing a concealed carry endorsement
111 does not want to maintain the concealed carry endorsement, the applicant shall
112 inform the director at the time of license renewal of his or her desire to remove
113 the endorsement. When a driver's or nondriver's license applicant informs the
114 director of his or her desire to remove the concealed carry endorsement, the
115 director shall renew the driver's license or nondriver's license without the
116 endorsement appearing on the license if the applicant is otherwise qualified for
117 such renewal.**]**

118     4. Any person issued a concealed carry **[**endorsement**]** **permit** pursuant
119 to sections 571.101 to 571.121**, or a concealed carry endorsement issued**
120 **prior to August 28, 2013,** shall notify **[**the department of revenue and**]** the
121 sheriffs of both the old and new jurisdictions of the **permit or** endorsement
122 holder's change of residence within thirty days after the changing of a permanent
123 residence. The **permit or** endorsement holder shall furnish proof to **[**the
124 department of revenue and**]** the sheriff in the new jurisdiction that the **permit**

125  **or** endorsement holder has changed his or her residence.  The sheriff of the new
126  jurisdiction may charge a processing fee of not more than ten dollars for any costs
127  associated with notification of a change in residence.  **If the person has a**
128  **concealed carry endorsement issued prior to August 28, 2013, the**
129  **endorsement holder shall also furnish proof to the department of**
130  **revenue of his or her residence change.  In such cases,** the change of
131  residence shall be made by the department of revenue onto the individual's
132  driving record **[**and**].  The sheriff shall report the residence change to the**
133  **Missouri uniform law enforcement system, and** the new address shall be
134  accessible by the Missouri uniform law enforcement system within three days of
135  receipt of the information.

136      5.  Any person issued a **[**driver's license or nondriver's license containing
137  a**]** concealed carry **[**endorsement**] permit** pursuant to sections 571.101 to
138  571.121**, or a concealed carry endorsement issued prior to August 28,**
139  **2013,** shall notify the sheriff or his or her designee of the **permit or** endorsement
140  holder's county or city of residence within seven days after actual knowledge of
141  the loss or destruction of his or her **permit or** driver's license or nondriver's
142  license containing a concealed carry endorsement.  The **permit or** endorsement
143  holder shall furnish a statement to the sheriff that the **permit or** driver's license
144  or nondriver's license containing the concealed carry endorsement has been lost
145  or destroyed.  After notification of the loss or destruction of a **permit or** driver's
146  license or nondriver's license containing a concealed carry endorsement, the
147  sheriff **may charge a processing fee of ten dollars for costs associated**
148  **with placing a lost or destroyed permit or driver's license or**
149  **nondriver's license containing a concealed carry endorsement and** shall
150  reissue a new **[**certificate of qualification**] concealed carry permit** within three
151  working days of being notified by the concealed carry **permit or** endorsement
152  holder of its loss or destruction.  The **[**reissued certificate of qualification**] new**
153  **concealed carry permit** shall contain the same personal information, including
154  expiration date, as the original **[**certificate of qualification.  The applicant shall
155  then take the certificate to the department of revenue, and the department of
156  revenue shall proceed on the certificate in the same manner as provided in
157  subsection 7 section 571.101.  Upon application for a license pursuant to chapter
158  302, the director of revenue shall issue a driver's license or nondriver's license
159  containing a concealed carry endorsement if the applicant is otherwise eligible to
160  receive such license**] concealed carry permit**.

161      6.  If a person issued a concealed carry **permit, or** endorsement **issued**
162 **prior to August 28, 2013,** changes his or her name, the person to whom the
163 **permit or** endorsement was issued shall obtain a corrected **[**certificate of
164 qualification for a concealed carry endorsement**] or new concealed carry**
165 **permit** with a change of name from the sheriff who issued **[**such certificate**] the**
166 **original concealed carry permit or the original certificate of**
167 **qualification for an endorsement** upon the sheriff's verification of the name
168 change.  The sheriff may charge a processing fee of not more than ten dollars for
169 any costs associated with obtaining a corrected **[**certificate of qualification**] or**
170 **new concealed carry permit**. The **permit or** endorsement holder shall
171 furnish proof of the name change to the **[**department of revenue and the**]** sheriff
172 within thirty days of changing his or her name and display his or her **concealed**
173 **carry permit or** current driver's license or nondriver's license containing a
174 concealed carry endorsement.  **[**The endorsement holder shall apply for a new
175 driver's license or nondriver's license containing his or her new name.  Such
176 application for a driver's license or nondriver's license shall be made pursuant to
177 chapter 302.  The director of revenue shall issue a driver's license or nondriver's
178 license with concealed carry endorsement with the endorsement holder's new
179 name if the applicant is otherwise eligible for such license.  The director of
180 revenue shall take custody of the old driver's license or nondriver's license.  The
181 name change shall be made by the department of revenue onto the individual's
182 driving record**] The sheriff shall report the name change to the Missouri**
183 **uniform law enforcement system,** and the new name shall be accessible by
184 the Missouri uniform law enforcement system within three days of receipt of the
185 information.

186      7.  A concealed carry **permit and, if applicable,** endorsement shall be
187 automatically invalid after thirty days if the **permit or** endorsement holder has
188 changed his or her name or changed his or her residence and not notified the
189 **[**department of revenue and**]** sheriff **[**of a change of name or residence**]** as
190 required in subsections 4 and 6 of this section.

571.107.  1.  A concealed carry **[**endorsement**] permit** issued pursuant to
2  sections 571.101 to 571.121, **a valid concealed carry endorsement issued**
3  **prior to August 28, 2013,** or a concealed carry endorsement or permit issued
4  by another state or political subdivision of another state shall authorize the
5  person in whose name the permit or endorsement is issued to carry concealed
6  firearms on or about his or her person or vehicle throughout the state.  No

7    **[**driver's license or nondriver's license containing a**]** concealed carry
8    **[**endorsement**] permit** issued pursuant to sections 571.101 to 571.121**, valid**
9    **concealed carry endorsement issued prior to August 28, 2013,** or a
10   concealed carry endorsement or permit issued by another state or political
11   subdivision of another state shall authorize any person to carry concealed
12   firearms into:

13   (1) Any police, sheriff, or highway patrol office or station without the
14   consent of the chief law enforcement officer in charge of that office or
15   station. Possession of a firearm in a vehicle on the premises of the office or
16   station shall not be a criminal offense so long as the firearm is not removed from
17   the vehicle or brandished while the vehicle is on the premises;

18   (2) Within twenty-five feet of any polling place on any election
19   day. Possession of a firearm in a vehicle on the premises of the polling place
20   shall not be a criminal offense so long as the firearm is not removed from the
21   vehicle or brandished while the vehicle is on the premises;

22   (3) The facility of any adult or juvenile detention or correctional
23   institution, prison or jail. Possession of a firearm in a vehicle on the premises of
24   any adult, juvenile detention, or correctional institution, prison or jail shall not
25   be a criminal offense so long as the firearm is not removed from the vehicle or
26   brandished while the vehicle is on the premises;

27   (4) Any courthouse solely occupied by the circuit, appellate or supreme
28   court, or any courtrooms, administrative offices, libraries or other rooms of any
29   such court whether or not such court solely occupies the building in
30   question. This subdivision shall also include, but not be limited to, any juvenile,
31   family, drug, or other court offices, any room or office wherein any of the courts
32   or offices listed in this subdivision are temporarily conducting any business
33   within the jurisdiction of such courts or offices, and such other locations in such
34   manner as may be specified by supreme court rule pursuant to subdivision (6) of
35   this subsection. Nothing in this subdivision shall preclude those persons listed
36   in subdivision (1) of subsection 2 of section 571.030 while within their jurisdiction
37   and on duty, those persons listed in subdivisions (2), (4), and (10) of subsection
38   2 of section 571.030, or such other persons who serve in a law enforcement
39   capacity for a court as may be specified by supreme court rule pursuant to
40   subdivision (6) of this subsection from carrying a concealed firearm within any
41   of the areas described in this subdivision. Possession of a firearm in a vehicle on
42   the premises of any of the areas listed in this subdivision shall not be a criminal

43  offense so long as the firearm is not removed from the vehicle or brandished while
44  the vehicle is on the premises;

45      (5)  Any meeting of the governing body of a unit of local government; or
46  any meeting of the general assembly or a committee of the general assembly,
47  except that nothing in this subdivision shall preclude a member of the body
48  holding a valid concealed carry **permit or** endorsement from carrying a concealed
49  firearm at a meeting of the body which he or she is a member.  Possession of a
50  firearm in a vehicle on the premises shall not be a criminal offense so long as the
51  firearm is not removed from the vehicle or brandished while the vehicle is on the
52  premises.  Nothing in this subdivision shall preclude a member of the general
53  assembly, a full-time employee of the general assembly employed under section
54  17, article III, Constitution of Missouri, legislative employees of the general
55  assembly as determined under section 21.155, or statewide elected officials and
56  their employees, holding a valid concealed carry **permit or** endorsement, from
57  carrying a concealed firearm in the state capitol building or at a meeting whether
58  of the full body of a house of the general assembly or a committee thereof, that
59  is held in the state capitol building;

60      (6)  The general assembly, supreme court, county or municipality may by
61  rule, administrative regulation, or ordinance prohibit or limit the carrying of
62  concealed firearms by **permit or** endorsement holders in that portion of a
63  building owned, leased or controlled by that unit of government.  Any portion of
64  a building in which the carrying of concealed firearms is prohibited or limited
65  shall be clearly identified by signs posted at the entrance to the restricted
66  area.  The statute, rule or ordinance shall exempt any building used for public
67  housing by private persons, highways or rest areas, firing ranges, and private
68  dwellings owned, leased, or controlled by that unit of government from any
69  restriction on the carrying or possession of a firearm.  The statute, rule or
70  ordinance shall not specify any criminal penalty for its violation but may specify
71  that persons violating the statute, rule or ordinance may be denied entrance to
72  the building, ordered to leave the building and if employees of the unit of
73  government, be subjected to disciplinary measures for violation of the provisions
74  of the statute, rule or ordinance.  The provisions of this subdivision shall not
75  apply to any other unit of government;

76      (7)  Any establishment licensed to dispense intoxicating liquor for
77  consumption on the premises, which portion is primarily devoted to that purpose,
78  without the consent of the owner or manager.  The provisions of this subdivision

79    shall not apply to the licensee of said establishment.  The provisions of this
80    subdivision shall not apply to any bona fide restaurant open to the general public
81    having dining facilities for not less than fifty persons and that receives at least
82    fifty-one percent of its gross annual income from the dining facilities by the sale
83    of food.  This subdivision does not prohibit the possession of a firearm in a vehicle
84    on the premises of the establishment and shall not be a criminal offense so long
85    as the firearm is not removed from the vehicle or brandished while the vehicle is
86    on the premises.  Nothing in this subdivision authorizes any individual who has
87    been issued a concealed carry **permit or** endorsement to possess any firearm
88    while intoxicated;

89        (8)  Any area of an airport to which access is controlled by the inspection
90    of persons and property.  Possession of a firearm in a vehicle on the premises of
91    the airport shall not be a criminal offense so long as the firearm is not removed
92    from the vehicle or brandished while the vehicle is on the premises;

93        (9)  Any place where the carrying of a firearm is prohibited by federal law;

94        (10)  Any higher education institution or elementary or secondary school
95    facility without the consent of the governing body of the higher education
96    institution or a school official or the district school board.  Possession of a firearm
97    in a vehicle on the premises of any higher education institution or elementary or
98    secondary school facility shall not be a criminal offense so long as the firearm is
99    not removed from the vehicle or brandished while the vehicle is on the premises;

100       (11)  Any portion of a building used as a child care facility without the
101   consent of the manager.  Nothing in this subdivision shall prevent the operator
102   of a child care facility in a family home from owning or possessing a firearm or
103   a **[**driver's license or nondriver's license containing a**]** concealed carry **permit or**
104   endorsement;

105       (12)  Any riverboat gambling operation accessible by the public without the
106   consent of the owner or manager pursuant to rules promulgated by the gaming
107   commission.  Possession of a firearm in a vehicle on the premises of a riverboat
108   gambling operation shall not be a criminal offense so long as the firearm is not
109   removed from the vehicle or brandished while the vehicle is on the premises;

110       (13)  Any gated area of an amusement park.  Possession of a firearm in a
111   vehicle on the premises of the amusement park shall not be a criminal offense so
112   long as the firearm is not removed from the vehicle or brandished while the
113   vehicle is on the premises;

114       (14)  Any church or other place of religious worship without the consent

115  of the minister or person or persons representing the religious organization that
116  exercises control over the place of religious worship.  Possession of a firearm in
117  a vehicle on the premises shall not be a criminal offense so long as the firearm
118  is not removed from the vehicle or brandished while the vehicle is on the
119  premises;

120          (15)  Any private property whose owner has posted the premises as being
121  off-limits to concealed firearms by means of one or more signs displayed in a
122  conspicuous place of a minimum size of eleven inches by fourteen inches with the
123  writing thereon in letters of not less than one inch.  The owner, business or
124  commercial lessee, manager of a private business enterprise, or any other
125  organization, entity, or person may prohibit persons holding a concealed carry
126  **permit or** endorsement from carrying concealed firearms on the premises and
127  may prohibit employees, not authorized by the employer, holding a concealed
128  carry **permit or** endorsement from carrying concealed firearms on the property
129  of the employer.  If the building or the premises are open to the public, the
130  employer of the business enterprise shall post signs on or about the premises if
131  carrying a concealed firearm is prohibited.  Possession of a firearm in a vehicle
132  on the premises shall not be a criminal offense so long as the firearm is not
133  removed from the vehicle or brandished while the vehicle is on the premises.  An
134  employer may prohibit employees or other persons holding a concealed carry
135  **permit or** endorsement from carrying a concealed firearm in vehicles owned by
136  the employer;

137          (16)  Any sports arena or stadium with a seating capacity of five thousand
138  or more.  Possession of a firearm in a vehicle on the premises shall not be a
139  criminal offense so long as the firearm is not removed from the vehicle or
140  brandished while the vehicle is on the premises;

141          (17)  Any hospital accessible by the public.  Possession of a firearm in a
142  vehicle on the premises of a hospital shall not be a criminal offense so long as the
143  firearm is not removed from the vehicle or brandished while the vehicle is on the
144  premises.

145          2.  Carrying of a concealed firearm in a location specified in subdivisions
146  (1) to (17) of subsection 1 of this section by any individual who holds a concealed
147  carry **[**endorsement**] permit** issued pursuant to sections 571.101 to 571.121**, or**
148  **a concealed carry endorsement issued prior to August 28, 2013,** shall not
149  be a criminal act but may subject the person to denial to the premises or removal
150  from the premises.  If such person refuses to leave the premises and a peace

151  officer is summoned, such person may be issued a citation for an amount not to
152  exceed one hundred dollars for the first offense. If a second citation for a similar
153  violation occurs within a six-month period, such person shall be fined an amount
154  not to exceed two hundred dollars and his or her **permit, and, if applicable,**
155  endorsement to carry concealed firearms shall be suspended for a period of one
156  year. If a third citation for a similar violation is issued within one year of the
157  first citation, such person shall be fined an amount not to exceed five hundred
158  dollars and shall have his or her concealed carry **permit, and, if applicable,**
159  endorsement revoked and such person shall not be eligible for a concealed carry
160  **[**endorsement**] permit** for a period of three years. Upon conviction of charges
161  arising from a citation issued pursuant to this subsection, the court shall notify
162  the sheriff of the county which issued the **concealed carry permit, or, if the**
163  **person is a holder of a concealed carry endorsement issued prior to**
164  **August 28, 2013, the court shall notify the sheriff of the county which**
165  **issued the** certificate of qualification for a concealed carry endorsement and the
166  department of revenue. The sheriff shall suspend or revoke the **concealed**
167  **carry permit or, if applicable, the** certificate of qualification for a concealed
168  carry endorsement **[**and**]. If the person holds an endorsement,** the
169  department of revenue shall issue a notice of such suspension or revocation of the
170  concealed carry endorsement and take action to remove the concealed carry
171  endorsement from the individual's driving record. The director of revenue shall
172  notify the licensee that he or she must apply for a new license pursuant to
173  chapter 302 which does not contain such endorsement. **[**A concealed carry
174  endorsement suspension pursuant to sections 571.101 to 571.121 shall be
175  reinstated at the time of the renewal of his or her driver's license.**]** The notice
176  issued by the department of revenue shall be mailed to the last known address
177  shown on the individual's driving record. The notice is deemed received three
178  days after mailing.

571.111. 1. An applicant for a concealed carry **[**endorsement**] permit**
2  shall demonstrate knowledge of firearms safety training. This requirement shall
3  be fully satisfied if the applicant for a concealed carry **[**endorsement**] permit**:

4  (1) Submits a photocopy of a certificate of firearms safety training course
5  completion, as defined in subsection 2 of this section, signed by a qualified
6  firearms safety instructor as defined in subsection 5 of this section; or

7  (2) Submits a photocopy of a certificate that shows the applicant
8  completed a firearms safety course given by or under the supervision of any state,

9  county, municipal, or federal law enforcement agency; or

10  (3)  Is a qualified firearms safety instructor as defined in subsection 5 of
11  this section; or

12  (4)  Submits proof that the applicant currently holds any type of valid
13  peace officer license issued under the requirements of chapter 590; or

14  (5)  Submits proof that the applicant is currently allowed to carry firearms
15  in accordance with the certification requirements of section 217.710; or

16  (6)  Submits proof that the applicant is currently certified as any class of
17  corrections officer by the Missouri department of corrections and has passed at
18  least one eight-hour firearms training course, approved by the director of the
19  Missouri department of corrections under the authority granted to him or her **[**by
20  section 217.105**]**, that includes instruction on the justifiable use of force as
21  prescribed in chapter 563; or

22  (7)  Submits a photocopy of a certificate of firearms safety training course
23  completion that was issued on August 27, 2011, or earlier so long as the
24  certificate met the requirements of subsection 2 of this section that were in effect
25  on the date it was issued.

26  2.  A certificate of firearms safety training course completion may be
27  issued to any applicant by any qualified firearms safety instructor.  On the
28  certificate of course completion the qualified firearms safety instructor shall
29  affirm that the individual receiving instruction has taken and passed a firearms
30  safety course of at least eight hours in length taught by the instructor that
31  included:

32  (1)  Handgun safety in the classroom, at home, on the firing range and
33  while carrying the firearm;

34  (2)  A physical demonstration performed by the applicant that
35  demonstrated his or her ability to safely load and unload a revolver and a
36  semiautomatic pistol and demonstrated his or her marksmanship with both;

37  (3)  The basic principles of marksmanship;

38  (4)  Care and cleaning of concealable firearms;

39  (5)  Safe storage of firearms at home;

40  (6)  The requirements of this state for obtaining a **[**certificate of
41  qualification for a concealed carry endorsement**]** **concealed carry permit** from
42  the sheriff of the individual's county of residence **[**and a concealed carry
43  endorsement issued by the department of revenue**]**;

44  (7)  The laws relating to firearms as prescribed in this chapter;

45      (8)  The laws relating to the justifiable use of force as prescribed in
46  chapter 563;

47      (9)  A live firing exercise of sufficient duration for each applicant to fire
48  both a revolver and a semiautomatic pistol, from a standing position or its
49  equivalent, a minimum of **[**fifty**] twenty** rounds from each handgun at a distance
50  of seven yards from a B-27 silhouette target or an equivalent target;

51      (10)  A live fire test administered to the applicant while the instructor was
52  present of twenty rounds from each handgun from a standing position or its
53  equivalent at a distance from a B-27 silhouette target, or an equivalent target,
54  of seven yards.

55      3.  A qualified firearms safety instructor shall not give a grade of passing
56  to an applicant for a concealed carry **[**endorsement**] permit** who:

57      (1)  Does not follow the orders of the qualified firearms instructor or
58  cognizant range officer; or

59      (2)  Handles a firearm in a manner that, in the judgment of the qualified
60  firearm safety instructor, poses a danger to the applicant or to others; or

61      (3)  During the live fire testing portion of the course fails to hit the
62  silhouette portion of the targets with at least fifteen rounds, with both handguns.

63      4.  Qualified firearms safety instructors who provide firearms safety
64  instruction to any person who applies for a concealed carry **[**endorsement**]**
65  **permit** shall:

66      (1)  Make the applicant's course records available upon request to the
67  sheriff of the county in which the applicant resides;

68      (2)  Maintain all course records on students for a period of no less than
69  four years from course completion date; and

70      (3)  Not have more than forty students in the classroom portion of the
71  course or more than five students per range officer engaged in range firing.

72      5.  A firearms safety instructor shall be considered to be a qualified
73  firearms safety instructor by any sheriff issuing a **[**certificate of qualification for
74  a concealed carry endorsement**] concealed carry permit** pursuant to sections
75  571.101 to 571.121 if the instructor:

76      (1)  Is a valid firearms safety instructor certified by the National Rifle
77  Association holding a rating as a personal protection instructor or pistol
78  marksmanship instructor; or

79      (2)  Submits a photocopy of a **notarized** certificate from a firearms safety
80  instructor's course offered by a local, state, or federal governmental agency; or

81       (3)  Submits a photocopy of a **notarized** certificate from a firearms safety
82  instructor course approved by the department of public safety; or

83       (4)  Has successfully completed a firearms safety instructor course given
84  by or under the supervision of any state, county, municipal, or federal law
85  enforcement agency; or

86       (5)  Is a certified police officer firearms safety instructor.

87       6.  Any firearms safety instructor **qualified under subsection 5 of this**
88  **section may submit a copy of a training instructor certificate, course**
89  **outline bearing notarized signature of instructor, and recent**
90  **photograph of his or herself to the sheriff of the county in which he or**
91  **she resides.  Each sheriff shall collect an annual registration fee of ten**
92  **dollars from each qualified instructor who chooses to submit such**
93  **information and shall retain a database of qualified instructors.  This**
94  **information shall be a closed record except for access by any sheriff.**

95       **7.  Any firearms safety instructor** who knowingly provides any sheriff
96  with any false information concerning an applicant's performance on any portion
97  of the required training and qualification shall be guilty of a class C
98  misdemeanor.  **A violation of the provisions of this section shall result in**
99  **the person being prohibited from instructing concealed carry permit**
100  **classes and issuing certificates.**

       571.114.  1.  In any case when the sheriff refuses to issue a **[**certificate of
2  qualification**] concealed carry permit** or to act on an application for such
3  **[**certificate**] permit**, the denied applicant shall have the right to appeal the
4  denial within thirty days of receiving written notice of the denial.  Such appeals
5  shall be heard in small claims court as defined in section 482.300, and the
6  provisions of sections 482.300, 482.310 and 482.335 shall apply to such appeals.

7       2.  A denial of or refusal to act on an application for a **[**certificate of
8  qualification**] concealed carry permit** may be appealed by filing with the clerk
9  of the small claims court a copy of the sheriff's written refusal and a form
10  substantially similar to the appeal form provided in this section.  Appeal forms
11  shall be provided by the clerk of the small claims court free of charge to any
12  person:

13                        SMALL CLAIMS COURT

14  In the Circuit Court of ..............................................................................., Missouri

15  ..................................................................................................., Denied Applicant

16            )

17                    )
18        vs.        )    Case Number ..................
19                    )
20                    )
21 ................................................................................................, Sheriff
22 Return Date ...........................
23                    APPEAL OF A DENIAL
24                    OF **[**CERTIFICATE OF
25                    QUALIFICATION FOR A
26 CONCEALED CARRY ENDORSEMENT**] A CONCEALED CARRY PERMIT**
27 The denied applicant states that his or her properly completed application for a
28 **[**certificate of qualification for a concealed carry endorsement**] concealed carry**
29 **permit** was denied by the sheriff of .............. County, Missouri, without just
30 cause.  The denied applicant affirms that all of the statements in the application
31 are true.
32 ..................................., Denied Applicant
33        3.  The notice of appeal in a denial of a **[**certificate of qualification for a
34 concealed carry endorsement**] concealed carry permit** appeal shall be made
35 to the sheriff in a manner and form determined by the small claims court judge.
36        4.  If at the hearing the person shows he or she is entitled to the requested
37 **[**certificate of qualification for a**]** concealed carry **[**endorsement**] permit**, the
38 court shall issue an appropriate order to cause the issuance of the **[**certificate of
39 qualification for a**]** concealed carry **[**endorsement**] permit**.  Costs shall not be
40 assessed against the sheriff unless the action of the sheriff is determined by the
41 judge to be arbitrary and capricious.
42        5.  Any person aggrieved by any final judgment rendered by a small claims
43 court in a denial of a **[**certificate of qualification for a**]** concealed carry
44 **[**endorsement**] permit** appeal may have a right to trial de novo as provided in
45 sections 512.180 to 512.320.
       571.117.  1.  Any person who has knowledge that another person, who was
2 issued a **[**certificate of qualification for a**]** concealed carry **[**endorsement**] permit**
3 pursuant to sections 571.101 to 571.121**, or concealed carry endorsement**
4 **prior to August 28, 2013**, never was or no longer is eligible for such **permit or**
5 endorsement under the criteria established in sections 571.101 to 571.121 may
6 file a petition with the clerk of the small claims court to revoke that person's
7 **[**certificate of qualification for a concealed carry endorsement and such person's**]**

8   concealed carry **permit or** endorsement. The petition shall be in a form
9   substantially similar to the petition for revocation of concealed carry **permit or**
10  endorsement provided in this section.   Appeal forms shall be provided by the clerk
11  of the small claims court free of charge to any person:

12                          SMALL CLAIMS COURT

13  In the Circuit Court of ...................................., Missouri

14  ........................, PLAINTIFF

15              )

16              )

17      vs.     )   Case Number ....................

18              )

19  ......................................................................................................, DEFENDANT,

20  Carry **Permit or** Endorsement Holder

21  ......................................................................................................, DEFENDANT,

22  Sheriff of Issuance

23                      PETITION FOR REVOCATION

24      OF **[**CERTIFICATE OF QUALIFICATION**] A CONCEALED CARRY PERMIT**

25                  OR CONCEALED CARRY ENDORSEMENT

26              Plaintiff states to the court that the defendant, .............., has a **[**certificate
27  of qualification or a**]** concealed carry **[**endorsement**] permit** issued pursuant to
28  sections 571.101 to 571.121, RSMo, **or a concealed carry endorsement**
29  **issued prior to August 28, 2013,** and that the defendant's **[**certificate of
30  qualification**] concealed carry permit** or concealed carry endorsement should
31  now be revoked because the defendant either never was or no longer is eligible
32  for such a **[**certificate**] permit** or endorsement pursuant to the provisions of
33  sections 571.101 to 571.121, RSMo, specifically plaintiff states that defendant,
34  .............., never was or no longer is eligible for such **[**certificate**] permit** or
35  endorsement for one or more of the following reasons:

36                      (CHECK BELOW EACH REASON

37                  THAT APPLIES TO THIS DEFENDANT)

38  ☐   Defendant is not at least twenty-one years of age or at least eighteen years
39          of age and a member of the United States Armed Forces or honorably
40          discharged from the United States Armed Forces.

41  ☐   Defendant is not a citizen **or permanent resident** of the United States.

42  ☐   Defendant had not resided in this state prior to issuance of the permit and

43      does not qualify as a military member or spouse of a military member

44      stationed in Missouri.

45  ☐  Defendant has pled guilty to or been convicted of a crime punishable by

46      imprisonment for a term exceeding [one year] **two years** under the laws

47      of any state or of the United States other than a crime classified as a

48      misdemeanor under the laws of any state and punishable by a term of

49      imprisonment of one year or less that does not involve an explosive

50      weapon, firearm, firearm silencer, or gas gun.

51  ☐  Defendant has been convicted of, pled guilty to or entered a plea of nolo

52      contendere to one or more misdemeanor offenses involving crimes of

53      violence within a five-year period immediately preceding application for

54      a [certificate of qualification or] concealed carry [endorsement] **permit**

55      issued pursuant to sections 571.101 to 571.121, RSMo, **or a concealed**

56      **carry endorsement issued prior to August 28, 2013,** or if the

57      applicant has been convicted of two or more misdemeanor offenses

58      involving driving while under the influence of intoxicating liquor or drugs

59      or the possession or abuse of a controlled substance within a five-year

60      period immediately preceding application for a [certificate of qualification

61      or a] concealed carry [endorsement] **permit** issued pursuant to sections

62      571.101 to 571.121, RSMo, **or a concealed carry endorsement issued**

63      **prior to August 28, 2013**.

64  ☐  Defendant is a fugitive from justice or currently charged in an information

65      or indictment with the commission of a crime punishable by imprisonment

66      for a term exceeding one year under the laws of any state of the United

67      States other than a crime classified as a misdemeanor under the laws of

68      any state and punishable by a term of imprisonment of [one year] **two**

69      **years** or less that does not involve an explosive weapon, firearm, firearm

70      silencer, or gas gun.

71  ☐  Defendant has been discharged under dishonorable conditions from the

72      United States Armed Forces.

73  ☐  Defendant is reasonably believed by the sheriff to be a danger to self or

74      others based on previous, documented pattern.

75  ☐  Defendant is adjudged mentally incompetent at the time of application or

76      for five years prior to application, or has been committed to a mental

77        health facility, as defined in section 632.005, RSMo, or a similar

78        institution located in another state, except that a person whose release or

79        discharge from a facility in this state pursuant to chapter 632, RSMo, or

80        a similar discharge from a facility in another state, occurred more than

81        five years ago without subsequent recommitment may apply.

82    ☐    Defendant failed to submit a completed application for a **[**certificate of

83        qualification or**]** concealed carry **[**endorsement**] permit** issued pursuant

84        to sections 571.101 to 571.121, RSMo**, or a concealed carry**

85        **endorsement issued prior to August 28, 2013**.

86    ☐    Defendant failed to submit to or failed to clear the required background

87        check. **(Note: This does not apply if the defendant has submitted**

88        **to a background check and been issued a provisional permit**

89        **pursuant to subdivision (2) of subsection 5 of section 571.101, and**

90        **the results of the background check are still pending.)**

91    ☐    Defendant failed to submit an affidavit attesting that the applicant

92        complies with the concealed carry safety training requirement pursuant

93        to subsection 1 of section 571.111, RSMo.

94    ☐    **Defendant is otherwise disqualified from possessing a firearm**

95        **pursuant to 18 U.S.C. 922(g) because {specify reason}:**

96 The plaintiff subject to penalty for perjury states that the information contained

97 in this petition is true and correct to the best of the plaintiff's knowledge, is

98 reasonably based upon the petitioner's personal knowledge and is not primarily

99 intended to harass the defendant/respondent named herein.

100 ..........................., PLAINTIFF

101       2. If at the hearing the plaintiff shows that the defendant was not eligible

102 for the **[**certificate of qualification or the**]** concealed carry **[**endorsement**] permit**

103 issued pursuant to sections 571.101 to 571.121**, or a concealed carry**

104 **endorsement issued prior to August 28, 2013,** at the time of issuance or

105 renewal or is no longer eligible for a **[**certificate of qualification**] concealed**

106 **carry permit** or the concealed carry endorsement **[**issued pursuant to the

107 provisions of sections 571.101 to 571.121**]**, the court shall issue an appropriate

108 order to cause the revocation of the **[**certificate of qualification or**] concealed**

109 **carry permit and, if applicable, the** concealed carry endorsement. Costs

110 shall not be assessed against the sheriff.

111       3. The finder of fact, in any action brought against **[**an**] a permit or**

112 endorsement holder pursuant to subsection 1 of this section, shall make findings
113 of fact and the court shall make conclusions of law addressing the issues at
114 dispute.  If it is determined that the plaintiff in such an action acted without
115 justification or with malice or primarily with an intent to harass the **permit or**
116 endorsement holder or that there was no reasonable basis to bring the action, the
117 court shall order the plaintiff to pay the defendant/respondent all reasonable
118 costs incurred in defending the action including, but not limited to, attorney's
119 fees, deposition costs, and lost wages. Once the court determines that the
120 plaintiff is liable to the defendant/respondent for costs and fees, the extent and
121 type of fees and costs to be awarded should be liberally calculated in
122 defendant/respondent's favor. Notwithstanding any other provision of law,
123 reasonable attorney's fees shall be presumed to be at least one hundred fifty
124 dollars per hour.

125        4.  Any person aggrieved by any final judgment rendered by a small claims
126 court in a petition for revocation of a **[**certificate of qualification**] concealed**
127 **carry permit** or concealed carry endorsement may have a right to trial de novo
128 as provided in sections 512.180 to 512.320.

129        5.  The office of the county sheriff or any employee or agent of the county
130 sheriff shall not be liable for damages in any civil action arising from alleged
131 wrongful or improper granting, renewing, or failure to revoke a **[**certificate of
132 qualification or a**]** concealed carry **[**endorsement**] permit** issued pursuant to
133 sections 571.101 to 571.121, **or a certificate of qualification for a concealed**
134 **carry endorsement issued prior to August 28, 2013,** so long as the sheriff
135 acted in good faith.

        571.121.  1.  Any person issued a concealed carry **[**endorsement**] permit**
 2 pursuant to sections 571.101 to 571.121**, or a concealed carry endorsement**
 3 **issued prior to August 28, 2013,** shall carry the concealed carry **permit or**
 4 endorsement at all times the person is carrying a concealed firearm and shall
 5 display the concealed carry **permit and a state or federal government-**
 6 **issued photo identification or the** endorsement **or permit** upon the request
 7 of any peace officer. Failure to comply with this subsection shall not be a
 8 criminal offense but the concealed carry **permit or** endorsement holder may be
 9 issued a citation for an amount not to exceed thirty-five dollars.

10        2.  Notwithstanding any other provisions of law, the director of revenue,
11 by carrying out his or her requirement to issue a driver's or nondriver's license
12 reflecting that a concealed carry permit has been granted **under the law as it**

13  **existed prior to August 28, 2013**, shall bear no liability and shall be immune
14  from any claims for damages resulting from any determination made regarding
15  the qualification of any person for such permit or for any actions stemming from
16  the conduct of any person issued such a permit.  By issuing the permit on the
17  driver's or nondriver's license, the director of revenue **[is] was** merely acting as
18  a scrivener for any determination made by the sheriff that the person **[is] was**
19  qualified for the permit.

     **571.500.  No state agency or department, or contractor or agent**
2  **working for the state, shall construct, enable by providing or sharing**
3  **records to, maintain, participate in, develop, or cooperate with or**
4  **enable the state or federal government in developing a database or**
5  **record of the number or type of firearms, ammunition, or firearms**
6  **accessories that an individual possesses.**

     650.350.  1.  There is hereby created within the department of public
2  safety the "Missouri Sheriff Methamphetamine Relief Taskforce"
3  (MoSMART).  MoSMART shall be composed of five sitting sheriffs.  Every two
4  years, the Missouri Sheriffs' Association board of directors will submit twenty
5  names of sitting sheriffs to the governor.  The governor shall appoint five
6  members from the list of twenty names, having no more than three from any one
7  political party, to serve a term of two years on MoSMART.  The members shall
8  elect a chair from among their membership.  Members shall receive no
9  compensation for the performance of their duties pursuant to this section, but
10  each member shall be reimbursed from the MoSMART fund for actual and
11  necessary expenses incurred in carrying out duties pursuant to this section.

12     2.  MoSMART shall meet no less than twice each calendar year with
13  additional meetings called by the chair upon the request of at least two members.
14  A majority of the appointed members shall constitute a quorum.

15     3.  A special fund is hereby created in the state treasury to be known as
16  the "MoSMART Fund".  The state treasurer shall invest the moneys in such fund
17  in the manner authorized by law. All moneys received for MoSMART from
18  interest, state, and federal moneys shall be deposited to the credit of the
19  fund.  The director of the department of public safety shall distribute at least fifty
20  percent but not more than one hundred percent of the fund annually in the form
21  of grants approved by MoSMART.

22     4.  Except for money deposited into the deputy sheriff salary
23  supplementation fund created under section 57.278 **or money deposited into**

24 **the concealed carry permit fund created under subsection 5 of this**
25 **section**, all moneys appropriate to or received by MoSMART shall be deposited
26 and credited to the MoSMART fund. The department of public safety shall only
27 be reimbursed for actual and necessary expenses for the administration of
28 MoSMART, which shall be no less than one percent and which shall not exceed
29 two percent of all moneys appropriated to the fund, except that the department
30 shall not receive any amount of the money deposited into the deputy sheriff
31 salary supplementation fund for administrative purposes. The provisions of
32 section 33.080 to the contrary notwithstanding, moneys in the MoSMART fund
33 shall not lapse to general revenue at the end of the biennium.

34 5. **A special fund is hereby created in the state treasury to be**
35 **known as the "Concealed Carry Permit Fund". The state treasurer shall**
36 **invest the moneys in such fund in the manner authorized by law. All**
37 **moneys shall be deposited to the credit of the fund. The director of the**
38 **department of public safety shall annually distribute all monies in the**
39 **fund in the form of grants approved by MoSMART. The department of**
40 **public safety shall administer all MoSMART grant deposits under this**
41 **section. Grant funds deposited into the fund created under this section**
42 **shall be spent first to ensure county law enforcement agencies' ability**
43 **to comply with the issuance of concealed carry permits including, but**
44 **not limited to, equipment, records management hardware and software,**
45 **personnel, supplies, and other services. Notwithstanding the provisions**
46 **of section 33.080 to the contrary, any moneys remaining in the fund at**
47 **the end of the biennium shall not revert to the credit of the general**
48 **revenue fund. The state treasurer shall invest moneys in the fund in**
49 **the same manner as other funds are invested. Any interest and moneys**
50 **earned on such investments shall be credited to the fund.**

51 **6.** Any rule or portion of a rule, as that term is defined in section 536.010,
52 that is created under the authority delegated in this section shall become effective
53 only if it complies with and is subject to all of the provisions of chapter 536 and,
54 if applicable, section 536.028. This section and chapter 536 are nonseverable and
55 if any of the powers vested with the general assembly pursuant to chapter 536 to
56 review, to delay the effective date or to disapprove and annul a rule are
57 subsequently held unconstitutional, then the grant of rulemaking authority and
58 any rule proposed or adopted after August 28, 2003, shall be invalid and void.

59 **[6.] 7.** Any county law enforcement entity or established task force with

60  a memorandum of understanding and protocol may apply for grants from the
61  MoSMART fund on an application to be developed by the department of public
62  safety with the approval of MoSMART. All applications shall be evaluated by
63  MoSMART and approved or denied based upon the level of funding designated for
64  methamphetamine enforcement before 1997 and upon current need and
65  circumstances. No applicant shall receive a MoSMART grant in excess of one
66  hundred thousand dollars per year. The department of public safety shall
67  monitor all MoSMART grants.

68      **[**7.**] 8.** MoSMART's anti-methamphetamine funding priorities are as
69  follows:

70      (1) Sheriffs who are participating in coordinated multijurisdictional task
71  forces and have their task forces apply for funding;

72      (2) Sheriffs whose county has been designated HIDTA counties, yet have
73  received no HIDTA or narcotics assistance program funding; and

74      (3) Sheriffs without HIDTA designations or task forces, whose application
75  justifies the need for MoSMART funds to eliminate methamphetamine labs.

76      **[**8.**] 9.** MoSMART shall administer the deputy sheriff salary
77  supplementation fund as provided under section 57.278.

78      **10. Beginning August 28, 2013, the department of revenue shall**
79  **begin transferring any records related to the issuance of a concealed**
80  **carry permit to MoSMART for dissemination to the sheriff of the county**
81  **or city not within a county in which the applicant or permit holder**
82  **resides.**

         **[**571.102. The repeal and reenactment of sections 302.181
2            and 571.101 shall become effective on the date the director of the
3            department of revenue begins to issue nondriver licenses with
4            conceal carry endorsements that expire three years from the dates
5            the certificates of qualification were issued, or on January 1, 2013,
6            whichever occurs first. If the director of revenue begins issuing
7            nondriver licenses with conceal carry endorsements that expire
8            three years from the dates the certificates of qualification were
9            issued under the authority granted under sections 302.181 and
10           571.101 prior to January 1, 2013, the director of the department of
11           revenue shall notify the revisor of statutes of such fact.**]**

         Section B. Because immediate action is necessary to permit the
2    MoSMART board to have proper funding necessary to implement the provisions

3   of this act, the repeal and reenactment of section 650.350 of section A of this act
4   is deemed necessary for the immediate preservation of the public health, welfare,
5   peace, and safety, and is hereby declared to be an emergency act within the
6   meaning of the constitution, and the repeal and reenactment of section 650.350
7   of section A of this act shall be in full force and effect upon its passage and
8   approval.

✓

Unofficial

Bill

Copy